C. B. STUART, JR., v. WESTERN UNION TELEGRAPH COMPANY.

(Case No. 1729.)

1. TELEGRAPH COMPANY—CONTRACT TO DELIVER MESSAGE—BREACH—See opinion for a petition setting forth a contract binding a telegraph company to deliver a message promptly, a breach of the contract by the company, and actual damage arising therefrom.

2. DAMAGES—PRACTICE—If the facts stated in a petition show a breach of contract, and that the breach is of such character as to authorize a suit as for a tort, all the damages recoverable for the thing done, or omitted, either in an action *ex delicto* or *ex contractu*, may be recovered in the one suit.

3. SAME—INJURY TO THE FEELINGS—If an actionable injury has been done to the name, person or property of the complaining party, he may recover, as actual damages, compensation for the proximate results of the wrongful acts.   When injury to the feelings is such result, it forms an element of the *actual damage*. (Railroad Co. v. Randall, 50 Tex., 261, etc.)

4. SAME—That the mental suffering is caused by and contemplated in the doing of the wrongful act, is the principle of the liability, whether the mental suffering is an incident of bodily pain or not.

5. SAME—CASES REVIEWED—Railway Co. v. Levy, 59 Tex., 543 ; Railway Co. v. Levy, 59 Tex., 563 ; and So Relle v. Telegraph Co., 55 Tex., 310, reviewed and discussed.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty. The opinion states the facts.

*John T. Pierce, W. H. Pope,* and *T. P. Young,* for appellant, cited: 23 Ohio St. Rep., 10, 18, 19; 30 Ga., 2, 4, 5; Underhill on Torts, 72; 13 Cal., 601; 17 Am. Rep., 504, 514; 2 Greenl. on Ev., secs. 89, 267; Field on Damages, 70, 76, 472, and notes 533, 534, 535; Hays *v.* Railway Company, 46 Tex., 272; Suth. on Damages, 734.

*Stemmons & Field,* for appellee, cited: Railway Company *v.* Levy, 59 Tex., 543, 564; Black *v.* Railway Company, 10 La. An. Rep., 33; Whart. on Neg., sec. 756; 2 Kent's Com., 195; 1 Sedg. on Damages, 29, and note A, 7th ed.; Wilson *v.* Young, 31 Wis., 574; Walsh *v.* Railway Company, 42 Wis., 23; Johnson *v.* Wells, Fargo & Co., 6 Nev., 224; Wood's Mayne on Damages, 74; Canning *v.* Williamstown, 1 Cush., 451; Lynch *v.* Knight, 9 H. L., 577; 2 Greenl. on Ev., sec. 267; Joch *v.* Dunkwardt, 85 Ill., 331; Astell *v.* Telegraph Company, 79 Ia.; Flemington *v.* Smithee, 2 C. & P., 292; Sher. & Red. on Neg., secs. 557, 608; Logan *v.* Telegraph Company, 84 Ill., 468; Bovee *v.* Town of Danville, 53 Vt., 190; Bigelow's Leading Cases on Torts, sec. 19.

ROBERTSON, ASSOCIATE JUSTICE.—The appellant, who was the plaintiff in the court below, sued the appellee for damages, and recovered a judgment for $2,500. The appellee made a motion for a new trial, which was overruled, and the court below then of its own motion arrested the appellant's judgment, and set it aside on the ground that the petition was insufficient in law to sustain a judgment. From this judgment the appellant appealed, and the only question presented is upon the sufficiency of the plaintiff's petition.

The appellant alleged in his petition that he was a citizen of Harrison county, and appellee was a body-politic, duly incorporated, which was represented in said Harrison county by J. P. Morrison, its local agent, and that appellee operated and owned, on February 3, 1883, a telegraph line from the city of Marshall, in said county, to the city of Waco, in McLennan county, Texas, and, for hire, transmitted telegrams for the public between said points. Appellant being informed in Waco, where he then resided, that John E. Stuart, his brother, who lived in Marshall, was there sick, he instructed G. W. Stuart, another brother of his, who also resided in said city, to inform him by telegraph of his brother John's condition; that said G. W. Stuart, as ap-

pellant's agent, on February 3, 1883, delivered to the agent of appellee, in Marshall, a telegram, as follows:

"MARSHALL, TEXAS, Feb. 3, 1883.

To C. B. Stuart, Jr., Waco, Texas, care of Stuart & Harris, attorneys.    John is very low, come on first train.         G. W. STUART."

That at the time of delivering to the agent the message he paid fifty cents, the customary charges for transmitting the same, and informed the agent of the circumstances requiring the speedy transmission and delivery thereof; that the message was correctly transmitted and received at appellee's office in Waco, by its agent, at three o'clock p. m., on February 3, 1883; that being in a state of anxiety and momentarily expecting a telegram from his agent, G. W. Stuart, appellant, in person, called at the office of appellee, in Waco, at four o'clock p. m. on February 3, 1883, and asked the agent of appellee if any message had been received by him for appellant, and that the agent told him that none had been received; that he then informed the agent that his brother was sick in Marshall, and that he was expecting a telegram from there in reference to his condition, and that if it should come to send it to his office, informing him at the time where his office was. Not having received any telegram, he again, about 9 o'clock on the morning of February 4, 1883, called at appellee's office, in Waco, and asked if any message had been received for him, and was told by the agent of the appellee that none had come; that he again instructed the agent to send the telegram, if it should come, to his office; that on the morning of February 5, 1883, the telegram above set out was delivered to him, and that he immediately started for Marshall, and traveled as speedily as he possibly could, but when he arrived his brother John had died and was buried; that if the telegram had been delivered to him when he called for it on February 3, he could have reached Marshall in time to have seen his brother alive; and that if he had received it when he called for it on the morning of February 4, he could have reached Marshall in time to have attended the funeral services of his brother; and in consequence of all of which he had suffered great disappointment, grief and mental anguish.    Appellant also alleged that he was on February 3, and had been for some time, a practicing lawyer in Waco; that his office was in speaking distance of the defendant's office, and that he had his card in the Waco Examiner, a paper having a wide circulation in that city, and his sign, as such lawyer was suspended over the pavement in front of his office, in full view of all persons passing; and that he had repaid to G. W. Stuart the amount he paid appellee's agent.

These averments disclose a contract between the appellant and the appellee, by the terms of which the appellee, for a valuable consideration, bound itself to deliver to appellant, promptly, the message described, a breach of this contract on appellee's part and actual damage sustained by the appellant, at least in the sum paid to appellee as the consideration for transmitting the message. For the breach of the contract the appellee was liable at all events for nominal damages. Telegraph Company v. Dryburg, 35 Penn. St., 298.

But the only averments in the petition which can at all sustain the amount of the judgment rendered are those which describe the harrowing effects upon the feelings of appellant as the result of the negligence of the appellee. Appellant's agent at Marshall, when he delivered the message for transmission, fully informed the appellee of the meaning of the telegram and the importance of promptly delivering it. The poignant distress suffered by the appellant was therefore proximately, and in the contemplation of appellee, caused by, and under the painful circumstances described, naturally would result from, the appellee's negligence.

The petition does not disclose a case for exemplary damages. The rule as stated in Telegraph Company v. Brown, 58 Tex., 170, perhaps needs to be qualified, but tested by the rule most liberally interpreted in behalf of appellant, no such case is shown as would justify the court in punishing appellee for the wrongful acts of its agents. Unless, therefore, injury to feeling is a proper element of actual damage the petition does not sustain the judgment. It was determined by this court in the case of the younger Levy (59 Tex., 547) that we have no forms of action or technical rules, which can prevent the plaintiff, upon a statement of the facts of his case as authorized by our system of pleading, from recovering all the damages shown to be sustained. If the facts stated show a breach of contract, and also, that the breach is of such character as to authorize a suit as for a tort, all the damages recoverable for the thing done or committed, either in an action *ex-delicto* or *ex contractu*, may be recovered in the one suit. It is claimed by counsel for appellee that injury to feelings in this kind of suit is held by this court in both the Levy cases (59 Tex., 543, 563) to be exemplary damages. We do not so understand either of those authorities. In the elder Levy case it was held that one not entitled to recover nominal damages, as for a breach of contract, nor sustaining any damage to his person, name or estate, could have no recovery for mental distress alone. In that case the telegraph company had no contract with Levy, had broken no engagement with him nor violated any contract it had made with any one else for his benefit. It owed him no duty,

and violated no right of his, and though its conduct may have outraged his sensibilities, it had done him no legal wrong.

In the other Levy case, the petition was excepted to on the ground that it showed no facts constituting a basis of damages; the exceptions were overruled; the plaintiff recovered, and the defendant, appealing, assigned as error the action of the court in overruling the exceptions to the petition. The petition, like that in this case, was a statement of the facts regardless of the forms of action. "Upon the whole case, as made by the petition and evidence," this court held, "that the appellee was entitled to recover whatever damages the proof may justify over and above such sum as he paid for the transmission of the message, and this in the way of exemplary damages," if a case for such damages is made. Whether the damage arising from mental distress was actual or exemplary, was not discussed or decided, but it was held that such damage, which in that case, as in this, was mainly the basis of the suit, could be recovered. "Otherwise, in a large class of cases, most grievous wrongs may be inflicted in matters as vitally affecting the welfare of individuals, as in other matters to which a pecuniary value, a market price, can be fixed; and this, in disregard of a duty voluntarily assumed to the public, to secure the due performance of which, many privileges, not possessed by persons generally, are conferred by the state upon the offending party." That mental suffering, resulting from an indignity to the person is actual damage, is held by this court in the case of Hays v. Railroad Company, 46 Tex., 272. Pain of mind, anxiety and all the forms of distress peculiar to a sentient being, have been held elements of actual damage in suits for injuries to the person through the negligence of others. Our own reports contain many such cases. But it is claimed that in those cases the mental is an incident of bodily pain, and that without the latter the former cannot be considered as actual damage. In cases of bodily injury the mental suffering is not more directly and naturally the result of the wrongful act than in this case, not more obviously the consequence of the wrong done than in this case. What difference exists to make the claimed distinction? That it is caused by and contemplated in the doing of the wrongful act, is the principle of the liability. The wrong-doer knows that he is doing this damage when he afflicts the mind by withholding the message of mortal illness, as well as by a wound to the person. In cases of slander and libel, injury to the feelings is actual damage, (3 Suth. on Damages, 645, *et seq.*), it is the natural result of the wrongful act. The appellee knew, according to the averments of the petition, that in delaying the delivery of the message it had undertaken to transmit, it was denying appellant the

opportunity, he had contracted with appellee to afford him, to be with his dying brother in his last hours, and to comfort, by his presence, the bereaved mother.    No press of business, nor pecuniary interest could excuse his absence on such occasion.    In the proper feeling of all men, not brutalized, the call upon him was superior to the engagements that usually occupy the time and absorb the minds of men.    Having full knowledge of the situation, the duty of appellee to deliver promptly the message was correspondingly high.    Damage for the breach of such a duty is not fifty cents.    For so small a sum, appellee with its great facilities, procured, in part, by the state's aid, had contracted to do the appellant a great service.    The appellant loses not the price, but the thing paid for, which was estimated in the judgment below, and on the pleadings, not excessively, at $2,500.

In the So Relle case, 55 Tex., 310, it was held that injury to the feelings was actual damage, which could be recovered though no other was sustained.    That authority was overruled in the elder Levy case, only in so far as it held that such damage alone would sustain an action.    The two cases conflict in but this one point.    We find no case, except So Relle, which holds that a party may come into court solely to redress an injury to his feelings.    Such injury is not to the name,. person or property; but if to either of these an actionable injury is done, the complaining party may then recover, as actual damages, compensation for the proximate results of the wrongful act.    When injury to the feeling is such result, it forms an element of the actual damage.    Railway Company v. Randall, 50 Tex., 261; Field on Damages, 76; Craker v. Railway Company, 36 Wis., 657; 30 Ga., 241; 23 Ohio St., 17; Cooley on Torts, 646; 1 Suth. on Damages, 17, 18.

The petition disclosed a good cause of action, sufficient, if the facts averred were proved, to sustain the judgment rendered.    If the facts were not proved, the motion for new trial should have been granted. If the action of the court in overruling that motion was not satisfactory to the appellee, he ought to have excepted, have caused a statement of facts to be embraced in the record, and have assigned error.

The judgment of June 26, 1884, arresting that of May 2, 1884, was erroneous, and will be reversed, and as that of May 2, is sustained in the only particular in which it is complained of, it will be reinstated. 5 Leigh, 388; Hoggland v. Cothren, 25 Tex., 346; and these orders be certified below for observance.    It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered November 20, 1885.]

[Chief Justice Willie did not sit in this case.]

ON MOTION FOR REHEARING.

1. DAMAGES—COMPENSATION—The fact that it may be difficult to ascertain the exact amount of compensation which ought to be made for an injury resulting necessarily from the act of another, is no reason why compensation should not be given.

2. SAME—If injury necessarily results to the person, property or reputation of one person from the acts of another, violative of a right secured by contract or the general law of the land, the injured person is entitled to damages to compensate him, whatever may be the elements which make up the injury and form the basis for damages.

3. SAME—MENTAL SUFFERING—Both physical pain and mental suffering, as elements for damages, go back to a common source of right to compensation, the violation of a right secured by contract or the general law of the land. This right can not be made dependent upon the motive with which the unlawful act was done, nor upon other circumstances which are ordinarily held to be sufficient to authorize the imposition of exemplary damages.

4. CASES REVIEWED—Railway Company v. Levy, 59 Tex., 563; Railway Company v. Levy, 59 Tex., 543, reviewed.

STAYTON, ASSOCIATE JUSTICE.—This action was brought to recover damages for a breach of contract made by the parties to this action. The contract fixed upon the appellee the duty to perform certain services for the appellant, services public in their nature by reason of the nature of the employment which the appellee had voluntarily assumed, and for a violation of this duty, the appellee became liable to the appellant for whatever damages necessarily resulted, or which, from the nature of the contract and the known purpose for which the service was sought, were likely to accrue by reason of its breach.

The sole ground on which a rehearing is asked is, that damages compensatory in character are not given by the law for an injury to the feelings, directly resulting from a breach of contract or violation of duty; that damages resulting from such grounds are only recoverable when a case is made authorizing exemplary damages; that damages for injury to the feelings are punitory and never compensatory. We have no disposition to enter into a discussion of the vexed question, whether the recognition of a rule which gives to an individual damages for punitory or exemplary purposes, and not merely as compensation for an injury received, is in harmony with a rational administration of the laws pertaining to the adjustment of rights between man and man.

It may be, and is most likely true that the whole doctrine of punitory or exemplary damages has its foundation in a failure to recognize as elements upon which compensation may be given, many things which ought to be classed as injuries entitling the injured person to compensation. The elements of injury for which damages compensa-

tory may be given, vary in their character. To some of these the means for ascertaining the compensation which ought to be given, is such that it may be fixed with almost mathematical certainty, while as to others, this degree of certainty cannot be reached.

At some periods the tendency was to restrict the recovery of damages compensatory, to such matters as were susceptible of having attached to them an exact pecuniary value, the dollars and cents lost as the result of a breach of contract or tort. At the present time, however, the fact that it may be found difficult to ascertain the exact amount of compensation which ought to be made for an injury resulting necessarily from the act of another, is not considered as any sufficient reason why compensation should not be given.

The question, in any case, is, has injury necessarily resulted to the person, property or reputation of one person from the act of another, violative of a right secured by contract or the general law of the land? If so, the act violative of right, being the proximate cause of the injury, the person who thus suffers injury is entitled to damages to compensate him for this, whatever may be the elements which make up the injury and form the basis for damages. If one person be unlawfully wounded by another, the damages he may recover as compensation will not be restricted to such sums of money as may be equal to the value of time lost, money necessarily expended in treatment with a view to recovery, and other like matters; but the physical pain, resulting from the wounding, enters into the estimate as a factor calling for compensation, more or less, as the pain may have been slight or severe, or of short or long duration.

If such a wounded person's condition, resulting from the unlawful act, be such as to cause mental suffering, this is also to be taken into estimate. Why? Is it because the mental suffering is brought about by a maimed or disabled condition, for which of itself compensation must be made? Certainly not; physical pain is no more real than is mental anguish.

If one person is unlawfully so wounded by another that he loses a limb in consequence thereof, and this is attended with physical pain, compensation must be made for the latter injury, simply because it is the necessary, natural or probable result of the unlawful act. If, in addition to the physical pain, the maimed condition of the same person, or the circumstances under which he is placed by the wounding, bear as necessary, natural or probable fruit, mental suffering, this is also matter for which compensation must be given; but the right to compensation for the one injury has not its foundation in the existence of the other.

Each of these elements for damages goes back to a common source of right to compensation—the act of the violator of a right secured by contract or the general law of the land; and whatsoever necessarily results to the injured person from the act so violative of his right must give legal claim for compensation; and his right to this cannot be made dependent upon the motive with which the unlawful act is done, nor upon other circumstances which are ordinarily held to be sufficient to authorize the imposition of damages termed punitory or exemplary.

In Railway Company v. Isaac Levy, 59 Tex., 563, it was held that one who had not fixed upon a telegraph company, by contract, the duty to deliver a message, could not maintain an action for damages for the failure to promptly deliver it, upon the mere averment that such failure had caused him mental distress.    In that case authorities were cited illustrating the extent to which courts and elementary writers had gone in support of the rule that mere mental suffering was not sufficient to enable one person to maintain against another an action, based on negligence, when neither by contract nor positive law was a duty fixed to do for him the act alleged to have been negligently performed.

It was necessary in that case that we approve or disapprove of all that was asserted to be the law in the authorities cited, nor were we then called upon to declare whether mental suffering resulting from the negligent performance of a duty, fixed by contract or positive law, was an element entitling the injured party to damages compensatory. In Railway Company v. I. T. Levy, (59 Tex., 543), which was somewhat similar in its facts to the case before us, it was held that the action could be maintained, and that the injured party was entitled to recover any damages which the proof might justify, besides such sum as was paid for sending the message, and that he might recover exemplary damages, if the negligence of the telegraph company was willful or gross.

There was, however, no intimation, in that case, that damages, such as are termed exemplary, were the only damages the plaintiff might recover other than the sum paid for the transmission of the message; but it was suggested that it would be necessary for the plaintiff to show a case entitling him to actual damages to entitle him to recover damages exemplary.    The case last referred to was before this court a second time, and there is much in the opinion then given which we deem inconsistent with the rules of law applicable to such cases.  We see no reason to doubt that the case now before us was correctly disposed of by the

original opinion, which more fully considers all the questions involved in the case, and the motion for rehearing will be overruled.

It is so ordered.

MOTION OVERRULED.

[Opinion Delivered June 25, 1886.]

NOTE.—The motion for rehearing in this case was passed on at the Austin term, and the case returned to Tyler.