71   507
3w-453
71   507
91   459

No. 6099.

WESTERN UNION TELEGRAPH COMPANY *v.* S. M. COOPER.

1. INJURY TO FEELINGS ACTUAL DAMAGE.—Injury to feelings, caused by a negligent failure to deliver a telegram relating to domestic affairs, is an element of actual damages.
2. DEGREE OF NEGLIGENCE. — If the inexcusable negligence of the servants of a telegraph company is found to be the proximate cause of injury, damages may be recovered without regard to the degree of care disregarded in the negligence of the employes.
3. PARTIES—HUSBAND AND WIFE.—The husband is the proper party plaintiff in an action for personal injury to the wife.

Statement of the case.

4. STILL BORN CHILD.—In suit for damages, resulting from injury to wife, the death of a still born infant and grief of the mother occasioned thereby, could not form any basis for or element of damages.

5. DAMAGES.—A husband's mental suffering caused by his wife's condition could not be shown to increase the amount of damages. The direct injury is to the wife, and a second recovery for the husband's anxiety occasioned by her suffering can not be allowed.

6. EXPERT MEDICAL TESTIMONY.—A physician, shown to be an expert, may give in evidence his opinion whether a still born child could have been born alive if he had received medical assistance in time.

7. SAME.—If the death of the child aggravated the mother's illness it was a subject of inquiry into extent of and the injury to the mother thereby increased.

8. HEARSAY.—Contents of dispatches between the operatives at the two points (of sending and delivery) touching the circumstances and not communicated to the sender, are not evidence of the truth of such messages.

9. REPLIES TO MESSENGER.—The replies made to the messenger with a telegram made at the office of the party to whom the telegram is directed, touching his whereabouts, are admissable upon issue of negligence on part of the telegraph company in delivering the message.

10. CHARGE.—A charge referring to the operator as chargeable with the duty of delivering the message, and upon a hypothesis not authorized by the testimony, was improper. The charge should have left to the jury the issue whether the servants of appellant had been negligent in the delivery, etc.

11. SAME.—It was proper in the court to distinguish between the suffering in fact endured and the suffering necessarily incident from confinement, and not resulting from the want of the desired medical attention.

12. SAME.—The court should have charged the jury that even if there had been negligence on part of the servants in the delivery of the message, yet if it should appear that by no diligence whatever could the attendance of the physician have been obtained, that no recovery could be had for the damages from not obtaining his aid.

13. CARE—NEGLIGENCE.—The fact of negligence was to be found from all the facts in evidence, and the court was not called upon to charge upon any particular facts as proper care.

14. CHARGE.—The petition alleging that the telegram had been properly transmitted to the office of delivery, it was the duty of the court to confine the inquiry to the question of proper care or negligence at the office of delivery in making the delivery.

APPEAL from Johnson. Tried below before the Hon. J. M. Hall.

This is an appeal from a judgment for two thousand dollars in favor of appellee. The cause of action was the failure of

the telegraph company to deliver a message from the plaintiff Cooper to one Doctor Keating, in substance as follows:

"9    1—20, 1886.

"To Dr. J. R. Keating
     Cleburne Texas
          Come at once: bring Laurie: Josephine sick.
                              J. M. COOPER."

That the Josephine named in the message was the wife of plaintiff—then about to be confined. That plaintiff was living about five miles from Grandview, where he had only resided but a short time; that his wife was a stranger in that vicinity, and was unable to secure nurses to be with her in her expected confinement. That Dr. Keating was their family physician, with whom arrangements had been made to attend her. That Laurie, named in the message, was the wife of Dr. Keating and sister of plaintiff's wife, and had promised to be with Mrs. Cooper at her confinement. That the whole matter was explained to defendant's agent at the time the message was delivered for transmission. That the message was immediately sent to Cleburne, and was never delivered to Dr. Keating. That Keating was well known to the agent of the telegraph company at Cleburne, his office being within two blocks of the telegraph office at Cleburne, and his residence within two or three blocks of the office, and also well known to the employes of the company. That the failure to deliver the message was the result of gross negligence on the part of the employes of the telegraph company, and that by reason thereof plaintiff and his wife were caused great mental pain and anguish and suffering, and that by reason of Dr. Keating not being with Mrs. Cooper, she suffered more physical pain than she would had Dr. Keating been with her; and that owing to his absence the life of the child of which she was being delivered was lost, etc.

The defendant answered by general and special exceptions and a general denial. The exceptions were overruled, and on trial a verdict and judgment were rendered for plaintiff, and defendant appealed.

The opinion sufficiently states the other matters.

*Stemmons & Field*, for appellant: Injuries to feelings disconnected from an actual personal injury, are exemplary dam-

.ages, and can only be recovered from the principal by reason of the default of the agent when the principal has done some act, in reference to the agent or the act done by the agent, that amounts to carelessness in the selection in the first place, or a ratification of the act in the second place. (R'y Co. v. Levy, 59 Texas, 542; R'y Co. v. Levy, 59 Texas, 563; Johnson v. Wells, Fargo & Co., 6 Nev., 224; Wyman v. Leavitt, 71 Mass., 227; Wood's Mayne on Dam., p. 71, note; Cumming v. Williamstown, 1 Cush, 452; Lynch v. Knight, 9 H. L., 577; 2 Greenl. Ev., sec. 267, and note 1; 2 Thomp. on Neg., p. 1258; Black v. Carrington, 10 La. Ann., R., 33; Whart. on Neg., sec. 756; 2 Kent's Com., p. 195; Sedg. on Dam., 7 ed., p. 29, note A; Wilson v. Young, 31 Wis., 574; Walsh v. R'y Co., 42 Wis., 23; Jack v. Dunkard, 85 Ill., 331; Astell v. W. U. Tel. Co., 79 Iowa, —; Flemmington v. Smithee, 2 C. & P., 292; Shear. & Redf. on Neg., secs. 557, 608; Logan v. W. U. Tel. Co., 84 Ill., 468; Boone v. Town of Danville, 53 Vt., 190; Bigelow's Leading Cases on Torts, sec. 19; Russell v. W. U. Tel. Co., Sup. Ct. of Dak., 18 The Reporter, p. 206; 3 Suth. on Dam., p. 715; 24 Am. Rep., 377; 36 Am. Rep., 303.)

*Crane & Ramsey*, for appellee: Mental suffering, pain and injury to feelings caused by breach of contract to speedily and promptly deliver a telegram, are actual damages, and suit can be maintained for such violation of contract. (SoRelle v. Western Union Telegraph Company, 55 Texas, 310; Stuart v. Western Union Telegraph Company, 66 Texas, 580; Telegraph Company v. Dryburg, Pennsylvania State, 298; Hays v. H. & G. N. R. R. Co., 46 Texas, 272; 3 Sutherland on Damages, 645 et seq.; Field on Damages, 76; Crooker v. R. R. Co., 36 Wis.; Cooley on Torts, 645; 1 Sutherland on Damages, 17, 18; Quigley v. Railroad, 11 Nev., 350; Overruling Johnson v. Wells, Fargo & Co., 6 Nev., 224—cited by appellant; H. & G. N. R. R. Co. v. Randall, 50 Texas, 261; Phillips v. Hoyle, 4 Gray, 568; Roberts v. Graham, 6 Wall., 578.)

We submit the counter proposition that, for such injury to the feelings of the wife as are alleged in appellee's petition, the husband can maintain suit. (Texas Central R'y Co. v. Burnett, 61 Texas, 638; San Antonio Street Railroad Co. v. Helm, 64 Texas, 147; Oliver v. Chapman, 15 Texas, 400; Bradshaw v. Mayfield, 18 Texas, 21.)

COLLARD, JUDGE. Appellant claims that its demurrers to plaintiff's petition should have been sustained because injury to feelings disconnected from all actual personal injury are exemplary damages, and the facts alleged are not sufficient to recover exemplary damages.

The very question raised here was before the Supreme Court in the case of Stuart v. Western Union Telegraph Company, and the court, after discussing the SoRelle case (55 Texas, 310) and the two Levy cases (59 Texas, 543, 563), the case of Hays v. The Railroad (46 Texas, 272) and other authorities, use the following language:

"But it is claimed that the mental is an incident to the bodily pain, and that without the latter the former can not be considered as actual damages. In cases of bodily injury the mental suffering is not more directly and naturally the result of the wrongful act than in this case—not more obviously the consequences of the wrong done than in this case. What difference exists to make the claimed distinction? That it is caused by and contemplated in doing the wrongful act is the principle of liability. The wrong doer knows that he is doing this damage when he afflicts the mind by withholding the message of mortal illness as well as by a wound to the person."

The conclusion derived from the opinion in the case from which the foregoing extract is taken is, that, injury to feelings caused by a failure to deliver a message relating to domestic affairs, where the failure is the result of negligence on the part of the company or its servants is an element of actual damage. The same principle was decided by the Commissioner of Appeals, in the case of Miller v. G. C. & S. F. Ry. (erroneously styled in the Reports *Wilson* v. G. C. & S. F. Ry. Co.), 69 Texas, 739, and it was held that the right to recover would not depend upon the degree of negligence causing the injury. If the inexcusable negligence of the defendant's servants is found to be the proximate cause of the injury, damages may be recovered commensurate with the injury.

2. The husband is the proper party to bring suit for such injuries to his wife. She is not a necessary party. (The Texas Central R'y Co. v. Burnett, 61 Texas, 638; San Antonio Street R. R. Co. v. Helm, 64 Texas, 147.)

3. We do not think the death of the child before birth and the grief or sorrow occasioned thereby can be an element of damages in this character of suit. If it is made to appear from

the testimony that Mrs. Cooper suffered more physical pain, mental anxiety and alarm on account of her own condition than she would have done if Dr. Keating had been in attendance upon her, and the failure to secure his services is shown to be due to the want of proper care on the part of defendant's servants, whose duty it was to deliver the message, a fair and reasonable compensation should be allowed for such increased pain and mental suffering; but the death of the child, the bereavement of the parents and their grief for its loss can not be considered as an element of damages. Such damages are too remote; they are the result of a secondary cause, and ought not to be allowed to enter into a verdict. This is not an action under the statute by the parents for the death of a child, and if it were, injury to the feelings of the parents could not be a basis of recovery by them. (3 Wood on Railway Law, 1538, and note 3.) Injury to the mother alone, her physical pain and mental suffering because of her own condition, would be a proper consideration, and it would be correct to allow proof that the child was stillborn, if such fact tended to show that the labor was thereby prolonged and her suffering so increased.

4. It is impossible to see upon what principle the husband can claim damages for injury to his feelings. His suffering could only be from alarm and sympathy for his wife's suffering; his distress is merely a reflection from her distress, and that might be very considerable, but it is too remote and consequential. She is allowed to recover in this suit, or rather he is, under the forms of law, on account of her injuries of body and mind; to allow him damages for the same injuries would be to allow two recoveries upon the same cause of action. We know of no authority that would justify such a conclusion. The person who suffers the injuries proximately resulting from the wrong done, and such person alone, is entitled to compensation, except in cases where death results and the cause of action is made to survive to the relatives by virtue of a statute. The husband can sue for such injuries to his wife, but he can not recover on his own account for his anxiety and sympathy.

5. Dr. Cooper having shown himself competent to testify as an expert, could give his opinion as to whether the child would have been born alive if he had received medical assistance in time. The death of the child was a proper inquiry if it tended to prolong labor as above explained, not-

withstanding there could be no damages for its death and con-sequent loss of services in this action.

6. The correspondence by wire between the operators send-ing and receiving the message not communicated to Dr. Cooper or his wife would not be legitimate evidence. George S. Stewart, the sending operator, received a telegram from the receiving operator that Dr. Keating had gone to the country. The question and answer were both properly excluded by the court. The fact that Dr. Keating had gone to the country could not be established in this way.

7. Any information the messenger received at the drug store as to the whereabouts of Dr. Keating, and the communica-tion of such information to the receiving operator at Cleburne, would be admissible upon the issue of negligence or not on the part of the operator and messenger in failing to deliver the message. Hence the messenger ought to have been allowed to state, if he would, that he was told at the drug store where Dr. Keating kept his office while attempting to find Keat-ing, that he was gone to the country. There was error in ex-cluding his statement to that effect.

8. The court, in its charge, referred to the operator at Cle-burne as the person charged with the duty of delivering the message, and stated that if he "made no effort to deliver" the same, or "used so little care to deliver it" as to satisfy the jury "that he was indifferent," etc.

The charge is criticised by appellant on the ground that the operator was not required to deliver the message; that this was the duty of the messenger. While we think the objection hypercritical, the charge would have been clearer if the court had merely instructed the jury to the effect that if defendant's servants whose duty it was to deliver the message used so little care, etc. Under the facts of the case, it would not be proper to hypothecate a charge upon the supposition that "no effort" had been made to deliver the message. The message was sent at once by the operator, and the messenger went twice to the office of Dr. Keating with it, and, failing to find him, made no further effort to find him. Whether he was negligent and indifferent in regard to the delivery of the mes-sage, and whether there was negligence of the company's operator in failing to perform her duty, were questions for the jury, and should have been left to them, without the supposi-tion that "no effort" had been made to perform such duties.

9. The charge of the court distinguishing the increase of suffering, caused by the non attendance of Dr. Keating, from the pain she would have suffered if he had attended her, was a correct and necessary distinction. If the servants of the company were in fact negligent, and by reason of such negligence the pain and suffering of Mrs. Cooper were aggravated and prolonged, she could only recover for such aggravated and prolonged suffering, as distinguished from the suffering she would have encountered in case there had been no such negligence, and Dr. Keating had arrived in time to have waited on her.

10. The court should have given a special charge asked by defendant to the effect that even if there was negligence on the part of defendant's servants in delivering the message, yet if by the exercise of proper care on their part it could not have been delivered in time for Dr. Keating to have reached the patient and assisted in the delivery of the child, plaintiff could not recover damages for the pain and suffering claimed. The facts justified the giving of such a charge. It may be a question whether, if the message had been delivered as soon as it could have been by the use of necessary diligence, Dr. Keating could have arrived at Mrs. Cooper's bedside in time to have delivered her. The question should have been submitted to the jury.

11. It was not error to refuse instruction asked by defendant, that "if the messenger went to Dr. Keating's office, and failed to deliver the message because of his absence, and went a second time to his office about noon of the same day, *and could not* deliver it by reason of Dr. Keating's absence, such facts would excuse defendant from failure to deliver the message, and in such case the jury should return a verdict for the defendant for all the damages claimed except the price paid for the telegram." The court correctly refused the charge. Going to Dr. Keating's office was not the extent of the messenger's duty. His residence was close by, he was well known in the town, and the messenger knew him and knew where his residence was. He had been in the country, but had returned before the message was received at the telegraph office. He says he had left word where he could be found, and that he and his wife were in readiness to attend upon Mrs. Cooper when called, and could have driven there in two hours. The messenger had an important telegram for him, the confine-

ment in labor of a patient, and only called at his office; it certainly would not have been correct under such circumstances for the court to have instructed the jury that such effort alone ended the duty of the messenger.

12. Again: The defendant asked the court to instruct the jury "that if a party has a known place of residence and a known place of business in a city, it is no part of defendant's duty to hunt said party up on the streets of the city, and the failure of defendant's messenger to hunt the party on the streets is no evidence of negligence on the part of the defendant."

The court refused the charge. It would have been error if it had been given. The messenger did not go to the residence of Dr. Keating; if he had gone there he might have learned where he was; certainly that he was not in the country. He only went to the office on two occasions—when the message was received, and then after an interval of two hours. He should have used reasonable diligence to deliver the message, even if that would require him to go upon the streets to find him. What such diligence was, would depend upon the circumstances, of which the jury were the exclusive judges.

13. Defendant asked the court to charge the jury as follows: "The plaintiff in his petition states that the message was promptly transmitted from Grandview to Cleburne. There is no question before you as to any delay of the message at Grandview or any other point prior to its reaching Cleburne." The jury should have been told that there was no complaint or question about delay at Grandview. The petition did allege, as stated in the requested charge, that the message was immediately sent from Grandview, and there was evidence of delay in sending it from that place—a delay of one-half hour. The charge was upon a material point, and should have been given as to the delay at Grandview.

Other assigned errors not disposed of in the foregoing opinion are that the court should have granted a new trial because of the insufficiency of the evidence to support the verdict. Of that we do not express any opinion.

For the errors committed and noticed above, we report the case to be reversed and remanded for a new trial.

*Reversed and remanded.*

Opinion adopted October 23, 1888.

STAYTON,
*Chief Justice.*