JOSEPH MATHEWS v. WEST. UN. TEL. CO.

(No. 2854.)

APPEAL from Grayson County.　Opinion by WILLSON, J.

*(Transferred from Austin.)*

J. K. JAMISON, J. D. WOOD and C. H. SMITH, counsel for appellant.

STEMMONS & FIELD, counsel for appellee.

§ 378. *Actual damages; injury to feelings, etc., constitute; case stated.* Appellant alleged in his petition that his wife was at Whitesboro, and that he was at Bells, a distance of thirty-three miles; that his wife, being sick, caused the following telegram, directed to him at Bells, to be delivered to appellee at Whitesboro to be transmitted to him at Bells, without delay, to wit: "Come, quick, on first train; your wife is very sick." That appellee failed to deliver said telegram, although he was at Bells and was well known there, and could easily have been found; that, by reason of said negligence on the part of appellee, appellant's wife was deprived of his presence and much needed attention and assistance, and by reason of such deprivation suffered physical pain and mental anguish, was outraged in her feelings and her health ruined; and for these injuries he claimed and prayed judgment for $1,000 damages. Appellee excepted to the petition upon the ground that the damages alleged and claimed were not *actual,* but *exemplary,* and that no facts were alleged that would warrant a recovery for exemplary damages. This exception was sustained and

the suit was dismissed.  *Held* error.  In Stuart v. West.
Un. Tel. Co. 66 Tex. 580, it is held that damages such as
are claimed in this suit are *actual*, and the doctrine of
that case has been re-affirmed in the subsequent case of
West. Un. Tel. v. Cooper.  [Sup. Court, Tyler Term,
1888.]

    November 17, 1888.        Reversed and remanded.