ST. LOUIS, A. & T. R'Y CO. v. S. O. BERRY.

(No. 3463.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

N. H. LASSITER and PERKINS, GILBERT & PERKINS, counsel for appellant.

WYNNE, McCART & STEDMAN, counsel for appellee.

§ **166.** *Common carrier; failure to transport passenger and baggage; damages for may include mental suffering; damages held not excessive.* Appellee purchased tickets from appellant's agent at Wolf City, for transportation on appellant's line of railway to Ft. Worth, a distance of about one hundred miles, for himself, wife and two children, at the same time obtaining checks for his baggage from Wolf City to Ft. Worth. Appellant transported appellee and his family only a portion of the distance, and failed to complete the contract of transportation. Appellee was compelled to purchase tickets

over another line of railway, and finally, after several days' delay, he reached Ft. Worth with his family, where he was compelled to remain for some time, waiting to get his baggage, which was also delayed. His extra expenses, because of the failure of appellant to perform the contract of carriage, amounted to about $90. He alleged his damages to be $1,000, including in the estimate the mental suffering of himself and family occasioned by the breach of the contract of carriage. He recovered judgment for $500. There are but two questions necessary to be determined: (1) Is this a case in which damages for mental suffering are recoverable? (2) If so, is the verdict excessive? · We think the first question is answered affirmatively by the decision of our supreme court in Stuart v. Telegraph Co., 66 Tex. 580. See, particularly, opinion of Stayton, C. J., on motion for rehearing. As to the amount of damages awarded, we are not prepared to say it is excessive. Appellee and family were delayed on their journey several days; were deprived during such delay of their baggage, containing their personal apparel; were compelled to stay at hotels waiting for conveyance, and waiting for their baggage; and were, of course, greatly annoyed, vexed and troubled by reason of these things. There is no rule by which to measure injury to feelings, and, unless the amount allowed by a jury be so grossly excessive as·to justify the conclusion that it is the result of prejudice or other improper influence, we do not think this court should set aside the verdict of the jury. While in this case the amount allowed appellee is certainly liberal, we cannot say that it is excessive. Being of the opinion that there is no error in the judgment it is

November 12, 1890.                 Affirmed. ·