### Western Union Telegraph Company v. N. A. Cavin.

#### Decided October 8, 1902.

**1.—Telegraph Company—Agency—Delivery of Message—Office Hours.**

Where the agent of the telegraph company made a special contract for the immediate transmission to and delivery at R. of an urgent message, for the delivery of which an extra fee was paid, the contract was within the apparent scope of his authority, and the company could not urge as a defense to an action for damages from nondelivery that its business hours at R. were such as rendered its compliance with the contract impracticable.

**2.—Same—Mental Anguish.**

A parent may recover damages for increased mental anguish incurred from witnessing the suffering of a sick child where such increased suffering is occasioned by the negligence of a telegraph company in failing to promptly deliver a message addressed to a physician directing him to come at once to the sick child. Following Telegraph Company v. Richardson, 79 Texas, 649, and reviewing cases in apparent conflict.

**3.—New Trial—Misconduct of Counsel.**

It was not ground for a new trial that plaintiff's counsel treated the jury in another case against the defendant company before they returned their verdict, where it did not appear that any of those jurors sat in the trial of this case.

Appeal from the District Court of Bexar County. Tried below before Hon. S. J. Brooks.

*Norman G. Kittrell* and *Webb & Finley,* for appellant.

*Thos. O. Murphy, Perry J. Lewis,* and *H. C. Carter,* for appellee.

#### ON MOTION FOR REHEARING.

NEILL, Associate Justice.—This is a suit brought by N. A. Cavin against the Western Union Telegraph Company to recover $2000 damages for mental anguish alleged to have been occasioned by the failure of the company to promptly transmit and deliver the following telegram: "Dr. Cook, Del Rio: Come as soon as possible. (Signed) N. A. Cavin."

The plaintiff alleged in substance that on November 8, 1899, he resided with his family at Comstock; that his daughter Iona, six years of

age, became ill; that he employed Dr. Cook at Del Rio, thirty miles distant, to attend her; that on the 13th of November the child grew worse, and at 7 o'clock p. m. on November 13th he delivered to defendant's office in Comstock the telegram above-recited, to be transmitted and delivered to Dr. Cook at Del Rio; that he notified defendant's agent of the illness of his child and the urgency of the case, and the importance of the immediate delivery of the message; that in order that there might be no delay in its delivery, he paid defendant, in addition to the ordinary price, an extra fee of 25 cents as additional charge for special and immediate delivery of the telegram, in consideration of which the defendant agreed to deliver it at its destination to Dr. Cook with all due speed as the emergency required; that defendant negligently failed to deliver the message to the doctor until the morning of November 14, 1899, at about 8 o'clock a. m.; that had defendant used proper diligence, said telegram could readily have been delivered before 8 o'clock p. m. on November 13th, and upon the receipt of the same Dr. Cook would have started at once to Comstock and have reached there at 11 or 12 o'clock on the same night, and relieved his child from its suffering, and probably have saved its life. That in consequence of the defendant's failure to promptly deliver the telegram upon the evening it was sent, the doctor found it impossible to leave Comstock until the evening of November 15, 1899, and that he did not reach there until 9 or 10 o'clock of that night; that when he arrived the child was dying, and it was too late for medical skill to save her. That on the evening of November 13, 1899, his child began to suffer intensely, and that by reason of defendant's negligence, plaintiff was compelled to witness her intense suffering without the power to give relief himself, or have medical skill to produce such relief. That he loved his child tenderly, and to behold her suffering from the evening of the 13th of November, 1899, until her death, caused him great pain and anguish, and by reason of the premises the defendant's gross negligence has caused him damage in the sum of $2000.

The appellant interposed a general demurrer to the petition, and a general denial, and plead specially that its office in Del Rio was not open for public business after 7 p. m. on the date of sending the message, but was closed between 7 p. m. and 7 a. m., and that the operator there between such hours was not in its employment, and that the act of the operator at Del Rio between those hours with reference to handling the telegram was his volunteer act.

The demurrer was overruled, and the case tried before a jury, and the trial resulted in a judgment in favor of the appellee for $2000.

From the view we take of this case as presented to us, it is sufficient to say that the evidence is reasonably sufficient to establish the facts alleged by the plaintiff in his petition. The evidence also tends to show that the office of the appellant was not open for public business between the hours of 7 p. m. and 7 a. m., the date the message was sent from Comstock; and that during that time messages received for the

general public were not delivered, but were taken from the wires, placed upon file, and given the messenger boy to deliver after the expiration of that period of time. But it does not appear from the evidence that the appellee, when he contracted with the appellant's agent at Comstock for the immediate delivery of the message in Del Rio, knew or was informed of the usage of the company not to deliver messages between the hours of 7 p. m. and 7 a. m.

*Opinion.*—1. The appellant asked the court to give the following special instructions: "Defendant requests the following charge: You are instructed that the uncontradicted evidence is that the office of defendant was closed to public business after 7 o'clock p. m. at Del Rio, and that the only duty of the operator of the railroad company, who was in charge of said office, was to receive messages from the wires and place them ready for prompt delivery when the company opened its office for business in the morning, and it is uncontradicted that the operator in charge of the office of the railroad company, on the night of the 13th of November, 1899, was not charged with the duty of delivering messages, and therefore, not being obligated to deliver the message, and not being the agent or employe of the defendant company, even if he were negligent and his negligence caused the delay and injury, you will find for the defendant." The court refused to give it, and its refusal is assigned as error.

The appellant through its agent at Comstock, in consideration of additional compensation, specially contracted with appellee for immediate delivery of the message. It was within the apparent scope of the agent's authority to make such contract for the company. Where the principal has impressed upon the agent the character of one authorized to act for him in a given capacity, authority to act follows as a necessary attribute of the character, and the principal, having conferred the character, will not be heard to assert, as against third persons who have relied thereon in good faith, that he did not intend to impose such authority, or that he had given the agent express instructions not to exercise it. It rested with the appellant to determine in the first instance what character it would impart to its agent, and having made the determination and imparted the character to its agent at Comstock as one having authority to contract for the transmission and delivery of the telegram, it must be held to have intended the usual and legal attributes of that character. Mech. on Agency, sec. 278. Therefore appellant, having made a special contract for the immediate transmission and delivery of the message to Dr. Cook at Del Rio, can not be heard to say, in answer to an action for damages occasioned by its breach, that its business was so conducted at its office in Del Rio as rendered it impracticable for it to comply with its contract. If it could not and did not intend to perform its agreement with the appellee, it should not have made it, and received pay for what it could not and did not intend to perform. In our opinion, the court did not err in refusing to give

either the special charge quoted or any of the others requested by appellant, which were substantially the same as the one recited above.

2. The main question in this case, which is involved in a number of appellant's assignments, is: Can a father recover damages for increased mental anguish incurred from witnessing the suffering of his sick child, when such increased suffering was occasioned by the negligent failure of a telegraph company to promptly deliver a message addressed by the parent to a physician directing him to come to the sick child at once? When the facts in the cases of Telegraph Company v. Richardson, 79 Texas, 649; Telegraph Company v. Stevens, 2 Texas Civil Appeals, 129, and Telegraph Company v. Kendzora, 26 Southwestern Reporter, 245, are examined and compared with those of the case at bar, they will be found so nearly akin that the same principle of law which governs one must necessarily control the other. This principle is an affirmative answer to the question stated; and, since the decision of the Supreme Court in the Richardson case, has always been applied to and determined cases of this character.

It may seem difficult to reconcile in principle the cases cited with Rowell v. Telegraph Company, 75 Texas, 26; Johnson v. Telegraph Company, 14 Texas Civil Appeals, 536; McCarthy v. Telegraph Company, 56 Southwestern Reporter, 586; Pullman Company v. Trimble, 8 Texas Civil Appeals, 335; Telegraph Company v. Cooper, 71 Texas, 507; Telegraph Company v. Bass, 67 Southwestern Reporter, 515; but the distinction seems to be that in the cases first cited the increased mental anguish was proximately caused by the negligent failure of the company to perform its contract, and that in the last named cases the prolonged mental anguish was too remote from such negligence to constitute a basis for damages. If this be not the distinction, none exists, and the opinions are in irreconcilable conflict. If there was such conflict, it seems that the Supreme Court would have noticed it in the Griffin case, and then expressly overruled the Richardson, Stevens, and Kendzora cases, upon which alone a case of this character can rest. As this was not done, we must assume that the Supreme Court did not deem that there was any such conflict between the cases referred to.

3. It does not appear from appellant's motion for a new trial, or the affidavits accompanying it, that any of the jurors in the case of Perry v. Telegraph Company who were treated by appellee's counsel in a saloon the evening before they had returned a verdict in that case in favor of their client, were impaneled or sat as jurors upon the trial of the case at bar. It not so appearing, it can not be said that appellant was prejudiced by the action of appellee's counsel towards the jurors of the Perry case in a drinking saloon the day before.

The motion for rehearing is granted, the prior judgment of this court reversing and remanding the cause set aside, our original opinion withdrawn, and the judgment of the District Court affirmed.

*Affirmed.*

Writ of error refused.