MRS. M. A. CARROLL v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

Decided June 17, 1909.

**Railways—Hospital—Contract—Parent and Child.**

Petition, in an action against a railway company by a mother for mental suffering caused by failure to keep a promise made by the surgeon in charge of a railway hospital to summon her to the bedside of her son, who died there after a surgical operation, in case of the development of symptoms threatening his death, held to disclose no duty on the part of the railway company to render her such service nor responsibility for the promise so made by its surgeon in charge.

Vol. LVI Civil—29.

Appeal from the District Court of Hopkins County.· Tried below before Hon. R. L. Porter. ·

*Frank E. Scott,* for appellant.—Under the facts set forth it· was the duty of appellee and its servants to notify appellant as soon as any dangerous symptom made its appearance in the condition of her son, and negligently failing to do so, and thereby depriving appellant of the right and privilege of being with her son during his last sickness and death, causing her great mental suffering, it was liable to appellant in damages. Missouri, K. & T. Ry. Co. ,of Texas v. Wood, 4 Texas Ct. Rep., 45; Western U. Tel. Co. v. Bowen, 10 Texas Ct. Rep., 301; Western U. Tel. Co. v. Turner, 9 Texas Ct. Rep., 111; 1 Ray on Negligence of Imposed Duties, 146, 147; Webb's Pollock on Torts, (Am. ed.), 4, 11, 12, 17, 18, 20, 23, 26, 532, 533. So Relle v. Western U. Tel. Co., 55 Texas, 308.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellee.

HODGES, Associate Justice.—In September, 1908, the appellant filed her petition in the District Court of Hopkins County, alleging, in substance, as follows: That on or about the 15th day of April, 1908, and for some time prior thereto, C. Carroll, her minor son who was then about twenty years of age, was in the employ of the defendant company as section-hand; that on or about the date above mentioned he became ill and unable to perform regular work; ·that through the influence and persuasion of the defendant's chief surgeon and other employes her son was, over her objection, persuaded to go to the hospital maintained by the defendant at Texarkana, for the purpose of having an operation performed for appendicitis, with which he was then afflicted; that notwithstanding her objection, her son was taken to the hospital at Texarkana and operated upon, from which operation he died. She alleges that she and her son were very much attached to each other; that he was her youngest and only single son, and the one upon whom she leaned and relied for comfort in her old age; that before the operation was performed she desired to be present with her son during that ordeal, and made a request to that effect, which the chief surgeon and other officers of the institution refused to permit, and she was by them kept in ignorance of the condition of her son, although they had told her that if any change made its appearance for the worse she would be notified by them at once. This, she says, they wilfully and negligently failed and refused to do; that had she been notified of the condition of her son she could and would have been present with him during all of his last sickness and at the time of his death. She alleges that the chief surgeon promised and agreed that in the event of the appearance of any dangerous symptoms in the physical condition of her son he would immediately notify her; that by reason of the failure to do this she suffered great mental anguish on account of not being able to be with her son at and before the time of his death from the operation performed. She claims that the first and only notice she had of the dangerous condition of her son was when she received a telegram announcing his death. By reason· of the

conduct of the employes in charge of the hospital she claims that she was denied and deprived of the right and privilege of being with and seeing her son at the time of and during his last illness and before his death, by reason of which she claims damages in the sum of $2,000 for mental anguish suffered. From a judgment sustaining a general demurrer and special exceptions to this petition the appellant prosecutes this appeal.

The only question presented on this appeal is that involved in the action of the court in sustaining the general and special demurrers to the appellant's petition. It is apparent that the suit is founded upon the alleged failure of Dr. Smith, the chief surgeon in charge of the appellee's hospital at Texarkana, to comply with a promise he made to notify the appellant of any unfavorable change in the condition of her son as a result of the surgical operation he was to undergo for appendicitis. Admitting all that is alleged, that the promise was given and that the surgeon either wilfully or negligently failed to send the notice, we do not think it follows that the railway company would be liable for the consequences of such failure. Before the appellee could be held responsible it must appear from the averments of the petition, at least, that it owed the duty of sending that notice to the appellant when the conditions arose calling for such information. The right to recover damages must depend upon the breach of some duty assumed by contract, or imposed by the law of the land. Stuart v. Western U. Tel. Co., 66 Texas, 580, 18 S. W., 351. Does the petition state a contract entered into by the appellee, or any one for it, by which it became bound to send the message in question? It is only claimed that the surgeon made a promise, without alleging anything which would in law constitute a consideration giving to such a promise the force of a binding contract to perform the particular service. There is nothing to show that this promise was more than a personal and gratuitous undertaking in the part of the surgeon to accommodate an anxious mother. But assuming that it was personally binding on Dr. Smith, there is nothing alleged which would show that he had authority to bind the company by any such promise. The petition shows that the appellee is an ordinary railway corporation engaged in the business for which such companies are usually chartered. It maintained a hospital for the benefit of its sick and disabled employes, and had placed the surgeon in charge for the purpose of treating the inmates. Certainly it can not be contended with any show of reason that this surgeon had the authority to make binding engagements to transmit to outsiders, having no connection with that institution, messages regarding the condition of the inmates.

If there was no contractual obligation by which appellee was in duty bound to send the desired information to the appellant concerning the condition of her son, the petition fails to allege the existence of any relationship between the parties by reason of which the law would impose the duty, and for a failure in the performance of which a liability for negligence would result. From the facts stated, the only dereliction on the part of the railway company for which the appellant might have maintained an action for damages would be such negligence as might have caused the death of her son. But nothing of

this character is charged. Pecuniary liability for damages resulting from negligence necessarily implies that there has been some duty neglected for which compensation should be given the injured party. Mr. Thompson, in his work on Negligence, says: "An essential ingredient in any conception of negligence is that it involves the violation of a legal duty, which one person owes another—the duty to take care for the safety of the other person, or property of the other; and the converse proposition is that where there is no legal duty to exercise care, there can be no actionable negligence." Vol. 1, sec. 3.

If this action be regarded as one founded upon the negligent failure to perform a legal duty, as distinguished from a breach of contract, the petition has failed to state any elements of damages recoverable in such a suit. No physical or personal injury is alleged, and mental anguish alone constitutes the damages claimed. The doctrine laid down in the telegraph cases, and relied on by the appellant as sustaining his right to recover for mental anguish alone, distinctly places their holding upon the ground of a breach of contract. Western Union Tel. Co. v. Simpson, 73 Texas, 422, 11 S. W., 385; Simpkins on Contracts, 264, and cases cited.

There were other objections urged and sustained to different portions of the petition, but these we deem it unnecessary to discuss, in view of the holding that the general demurrer was properly sustained.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.