## MICHELS v. CROUCH.

### No. 2109.

Court of Civil Appeals of Texas. Eastland.
March 7, 1941.

Rehearing Denied April 4, 1941.

M. F. Billingsley, of Munday, D. J. Brookreson, of Benjamin, and Bullington, Humphrey & Humphrey, of Wichita Falls, for appellant.

J. S. Kendall, of Munday, for appellee.

FUNDERBURK, Justice.

Lige Crouch brought this suit against Henry M. Michels to recover damages which (according to the count of his petition finally elected to be relied upon) consisted of a trespass in "tearing down fences around a cemetery known as the Old Goree Cemetery in Knox County, Texas, in which appellee [Lige Crouch] had two children buried and in plowing and in causing plowing into said cemetery and into, over and across the graves of appellee's * * * children destroying mounds, markers and boundaries of the graves, injuring the tombstone at grave of one of said children." (The quotation is from plaintiff's statement of the case in his brief.)

In the first count of plaintiff's petition (the others being waived) the damages sought to be recovered were described and itemized substantially as follows: (a) Injury to tombstone, $50; (b) obliterating mound of grave of child not marked with tombstone and plowing furrow over and through same, $15; (c) tearing down and removing Bois D'arc posts marking boundaries of burial lot, $10; (d) tearing down and removing fences around cemetery $500; (e) mental pain and suffering $15,-000; (f) exemplary damages, $15,000.

In a trial by jury seventeen questions were submitted as special issues, all of which were answered in favor of the plaintiff. A number of such issues were found to the effect that the cemetery fences were in 1936 torn down by servants, agents or employees of the defendant with the intention on the part of defendant to plow, or cause to be plowed, into and across the cemetery. Two issues were found to the effect that the removal of the fence from the East boundary line of the cemetery was

a proximate cause of the injury and damage to the graves and tombstone of the deceased children of plaintiff, and such removal of the fence was the wanton and willful act of the defendant. Six special issues related to Henry J. Michels, son of defendant, Henry M. Michels, and were found to the general effect that said Henry J. Michels, with a tractor, plowed into and across the cemetery; that in doing so he was the agent, servant or employee of defendant; that in so plowing Henry J. Michels struck, broke and injured a tombstone at the grave of one of plaintiff's children; that he plowed across the grave of another child and that said plowing into and across the cemetery was a proximate cause of the injury and damage to the graves and tombstone.

Damages to the tombstone were found to be $10. Other damages to the graves and burial lot were found to be $5. It was further found that "willful and wanton acts of the defendant Henry M. Michels" was a "direct and proximate cause of the mental pain and anguish suffered by plaintiff from the injury and damage to the graves and tombstone." Damages for mental pain and anguish suffered by the plaintiff by reason of the wanton and willful acts of the defendant were found to be $2,000.

From the judgment based upon such special verdict awarding plaintiff recovery of $2,015, the defendant Henry M. Michels has appealed. The parties will further be referred to either by name, or as plaintiff and defendant, the same as in the trial court.

■ The defendant contends there was error in submitting special issue No. 5 to the jury. Upon that issue the jury found that the removal of the fences from the East boundary line of the cemetery by the defendant was a proximate cause of the injury and damage to the graves and tombstone of the deceased children of the plaintiff. If true, such finding would mean that if Defendant had not removed said fence, Henry J. Michels, his son, would not have plowed in the cemetery and, therefore, would not by such plowing have caused the damages alleged. According to the uncontroverted evidence the fences were down on all sides of the cemetery, and particularly on those other than the East side. The evidence wholly failed to show, we think, any causal relation between the act of tearing down the remains of the fence on the East side of the cemetery and the act

of Henry J. Michels in injuring, if he did, the tombstone and graves while plowing in the cemetery. It follows, in our opinion, that the court erred in submitting said issue, and from which it would also follow that the finding thereon would afford no support for the judgment.

■ As against other assignments of error, the judgment must be sustained, if at all, upon the ground that defendant, acting by his son, H. J. Michels, as defendant's servant, willfully plowed in the cemetery with a tractor and, as the direct result, injured the tombstone which marked one grave and ran two furrows through the other grave. The evidence which we have reviewed is far from satisfactory; but we find ourselves unable to say that there was no evidence, or, that the evidence was insufficient to raise the issues, that H. J. Michels, for defendant, willfully—that is, intentionally—plowed in the cemetery over one grave and so near another that he struck and injured the tombstone with the tractor.

■ No question of exemplary or punitive damages is presented. Such issue was made by the pleadings, but it was not established by the evidence, at least, not conclusively so established, and the issue was not submitted to the jury, nor requested to be submitted. It was, therefore, waived.

The award of $2,000 for mental pain and anguish was an award of actual damages. Stuart v. Western Union Tel. Co., 66 Tex. 580, 18 S.W. 351, 59 Am.Rep. 623; Hays v. Houston G. N. Ry. Co., 46 Tex. 272; Western Union Tel. Co. v. Cooper, 71 Tex. 507, 9 S.W. 598, 1 L.R.A. 728, 10 Am.St.Rep. 772. In the first case [66 Tex. 580, 18 S.W. 353, 59 Am.Rep. 623], it was said: "We find no case, except So Relle [So Relle v. Western Union Tel. Co., 55 Tex. 308, 310, 40 Am.Rep. 805], which holds that a party may come into court solely to redress an injury to his feelings. Such injury is not to the name, person, or *property*; but if to either of these an actionable injury is done, the complaining party may then recover, as *actual damages,* compensation for the proximate results of the wrongful act. When injury to the feeling is such result, it forms an element of the actual damage." (Italics ours.)

In the instant case these conditions are present, in that, injury to property, as the result of a trespass, was shown. Upon the former appeal of this case, based upon authorities cited, Justice Grissom said

for this court: "Actual damages resulting from mental anguish may be recovered, as a separate or independent element, when caused by a willful trespass in which actual damage to plaintiff's property is sustained. * * * 13 Tex.Jur. 231; 17 C.J. 836; 8 R.C.L. 529; 23 A.L.R. 390, Note; Stein v. Greenebaum, Tex.Civ.App., 203 S. W. 809, 813; Leach v. Leach, 11 Tex.Civ. App. 699, 33 S.W. 703, writ refused; Davidson v. Lee, Tex.Civ.App., 139 S.W. 904, 907, writ refused." Michels v. Crouch, Tex.Civ.App., 122 S.W.2d 211, 216.

In Corpus Juris, it is said: "Damages, where ascertainable, may be recovered at the suit of one entitled to maintain the action from a person who wrongfully trespasses on, desecrates, or invades the burial lot of another." 11 C.J. p. 64, § 34; 14 C.J.S., Cemeteries, § 36. Further, it is said: " * * * bodies are most commonly interred in public cemeteries where the person whose duty it is to give them burial is not the owner of the soil by deed properly executed, and has no higher right than a mere easement or license. In such a case, it is also held that he acquires such a possession in the spot of ground in which the bodies are buried, as will entitle him to maintain an action against the owners of the fee or strangers who without his consent negligently or wantonly disturb it." 11 C.J. p. 65, § 37; 14 C.J.S., Cemeteries, § 36. With particular reference to injuries to tombstones the same authority further says: "The person erecting a tombstone may maintain an action for its injury." Id. Upon the elements of recoverable damages it is further said: "The jury may also take into consideration not only the injury to the property but also the injured feelings of plaintiff." 11 C.J. p. 66, § 40, 14 C.J.S., Cemeteries, § 36.

 If the evidence had shown conclusively, or the fact had otherwise been legally established, that the defendant was within his rights in the act of plowing in the cemetery and near the graves, then it would, perhaps, appear there was no evidence to show that the act of plowing over the unmarked grave, and of striking and injuring the tombstone upon the other, was willful, rather than accidental, or, perhaps, merely negligent. But a trespass being shown, the effects thereof are legally attributable to such trespass. The willfullness of the trespass, and not the willfull-

ness of the effects of such trespass, becomes of controlling importance. The willfullness of the servant in the commission of the trespass is the willfullness of the master, provided, of course, his acts were within the scope of his employment, or the authority conferred upon him by the master. Upon the latter, the evidence, it must be admitted, was weak—largely circumstantial—but we have been unable to satisfy ourselves that it should be held to be insufficient to raise the issues or support the findings in favor of the plaintiff.

 In our opinion the award of $2,000 for mental pain and suffering, under the circumstances disclosed by the undisputed evidence, was excessive. One child which died the day it was born was buried in 1904, and there is no evidence that the grave had in any way been marked or in any way tended for many years. The other child which died at the age of four years was buried in 1906 and the grave marked by a tombstone costing about $25, but otherwise it had been wholly unattended for many years. The fences around the cemetery were, as protecting fences, destroyed by fire in 1925 according to some of the evidence, and many years earlier, according to other evidence. There was never any attempt to repair the fences. The cemetery grew up in grass and weeds; was the grazing ground of cattle and other stock. There had been no burials in the cemetery for many years, except of negroes in the north part of same. Plaintiff moved to Goree, only a few miles away, and when his wife died she was buried in a new cemetery at Goree. The plaintiff had not visited the graves in many years. A reading of all the evidence leads inevitably, it seems to us, to the conviction that plaintiff could not have suffered such injury to his feelings as required $2,000 to make reasonable compensation therefor. The verdict bears evidence of passion and prejudice. Giving great latitude to the opinion of the jury, it seems to us that $750 would have been a very high estimate of reasonable compensation.

Therefore, our conclusion is that unless the plaintiff shall file a remittitur of $1,250 the judgment shall be reversed and the cause remanded; otherwise, it will be affirmed for the sum of $765. It is accordingly so ordered.