### J. S. LAW v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

Decided April 2, 1902.

**Contributory Negligence—Pleading.**

Allegations held to disclose a cause of action against a railway company for one injured while walking on the track, by a train approaching him in front, circumstances being alleged sufficient to make the question of his contributory negligence one of fact for the jury, and discovery of his peril and failure to attempt avoidance of injury, to which contributory negligence furnished no defense, being also alleged.

Appeal from Bell. Tried below before Hon. John M. Furman.

*J. S. Patterson* and *D. R. Pendleton,* for appellant.

*Geo. W. Tyler,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit. The defendant interposed a general demurrer and several special exceptions, all of which were sustained, and plaintiff declining to amend, his case was dismissed. Omitting certain portions, not essential to an understanding of the points decided, the plaintiff's petition reads as follows:

"2. That defendant owns and operates a line of railway in and through Bell County, said State, and has and maintains a station at Belton, in said Bell County, Texas, with E. R. Easton as station master at said Belton station; and that said defendant owns and operates a line of railway through the town of Troy in said county of Bell and State of Texas; and beyond said town of Troy both north and south for many miles; that defendant owns and maintains a station at or near the said town of Troy, Texas, where the defendant's trains stop daily for the transaction of business; that north from said station for 550 yards, defendant's railway track is and was on the 25th day of December, A. D. 1895, situated and located in and through a densely settled por-

tion of said town of Troy, Texas; that said defendant's railway track beyond, contiguous to, and north of said town is, and was on the 25th day of December, A. D. 1895, situated and located for about two miles in and through a very rough, hilly, and broken country; that beyond, contiguous to, and north of said hilly and broken country, defendant's railway track is situated and located in and through a very thickly populated settlement; that there were no direct roads or paths leading from said settlement to said town of Troy, Texas; that the inhabitants of said settlement get all of their mail matter and do all their shopping at said town of Troy, Texas.

"3. That the inhabitants residing in said settlement, and those residing on, along, and adjacent to said railway track north of said station in the town of Troy, Texas, and many others, are constantly and daily in the habit of walking and passing on, over and along defendant's railway track for about two miles north of and contiguous to the town of Troy, Texas, in going to and from said town; that said portion of defendant's railway track as aforesaid is and has been constantly and daily used for the past fourteen years by said inhabitants residing on, along, and adjacent to said railway track north of said station in the town of Troy, Texas; and by the inhabitants residing in said settlement north of said town, and by many others, as a passway or walkway in going to and returning from the said town, and that it was so used on the 25th day of December, A. D. 1895.

"4. That the constant and daily use of that portion of defendant's railway track, described as aforesaid, by pedestrians as a pathway, footpath or walkway, in going to or returning from the said town of Troy, Texas, has been for many years prior to the 25th day of December, 1895, and was on said day well known to the defendant, its agents and servants, and that said defendant had never objected to the said use of said track, but had acquiesced therein and consented to same.

"5. That on the 25th day of December, 1895, plaintiff, while walking south from said settlement to the town of Troy, Texas, upon that portion of defendant's railway track hereinbefore described, and when within about 100 yards of the corporate limits of said town of Troy, Texas, and at a point about 650 yards north of defendant's depot in said town, was struck, knocked down, and run over by an engine and train of cars belonging to defendant, while being operated, driven, and propelled by defendant, its agents and servants.

"6. That in consequence of said collision plaintiff was severely injured; that his right arm was almost severed from his body and so badly mangled and bruised as to necessitate amputation, thereby disfiguring and crippling him for life, causing him great mental and physical pain; that he was severely bruised and injured about the right shoulder and head; that he received internal injuries in the region of the right chest from which he suffered and still suffers great pain; that by reason of said injuries, his capacity to labor and earn money has been greatly diminished, and that he has lost much valuable time, and that

he has been compelled to employ physicians to wait upon him and relieve his suffering.

"7. That said collision occurred about 11 o'clock a. m.; that at that time there was a cold and severe wind blowing from the north, with unusual force and violence; that on account of the wind blowing from the north and the roaring sound caused by same, and the roaring sound caused by the telegraph wires along defendant's railway track, it was very difficult for plaintiff to hear and distinguish any sound from the south, such as that usually made by the running of an engine and train of cars, but that plaintiff could have heard and distinguished the direction of the sounds caused by the ringing of a bell and the blowing of a whistle, if the same had been sounded at a proper time and place.

"8. That the said engine and train of cars which inflicted said injuries upon plaintiff were moving from the south at the time of said collision.

"9. That about 250 yards north of the place where said collision occurred, there was and is considerable curve in defendant's track or line of railway; that beyond and north of said curve an engine and train of cars could not be seen by plaintiff from the place occupied by him just before and at the time of said collision; that before the said collision plaintiff heard a sound, which sound plaintiff supposed to be occasioned by the return of a handcar which had recently passed him going north; that he was looking and listening for the approach of said handcar when defendant's agents and servants ran said engine and train of cars against, upon, and over plaintiff, thereby inflicting upon him said injuries.

"10. That defendant's agents and servants in charge of said engine and train of cars were drunk, incompetent, and unable to run said engine and train of cars on account of their said drunken condition, and were reckless, wanton, and grossly negligent in running said engine and train of cars, and in running same against, upon, and over plaintiff.

"11. That the said town of Troy, Texas, was duly and legally incorporated; that there was in force on the 25th day of December, 1895, in the said town of Troy, Texas, an ordinance limiting the speed of trains while within said corporate limits to six miles per hour; that at the time plaintiff was struck and injured by said engine and train of cars, almost the entire train, to wit, about fifteen box cars, were within the incorporated limits of said town of Troy, Texas; that defendant's engine and train of cars which inflicted said injuries upon plaintiff were being driven, run, and propelled by defendant's agents and servants at a fast, dangerous, and unlawful rate of speed, to wit, at the rate of fifty miles per hour in, through and near the incorporated limits of the said town of Troy, Texas, at the time they were driven, run, and propelled against, upon, and over plaintiff; that defendant's agents and servants were reckless, wanton, and grossly negligent in running said engine and train of cars at said fast, dangerous, and unlawful rate of

speed in and through and near the incorporated limits of said town of Troy, Texas, and in driving, running, and propelling same against and over plaintiff.

"12. That said injuries were inflicted upon plaintiff on the 25th day of December, 1895; that said day was a legal holiday; that a great many people were on that day in the habit of gathering, collecting, and congregating about towns and villages, and about the town of Troy, Texas; that a large and unusual number of people were, on that day, in the habit of passing to and fro, back and forth on, along, and across that portion of defendant's line of railway hereinbefore described in going to and from the said town of Troy, Texas; that all of these facts were well known to defendant, its agents and servants; that said defendant, its agents and servants, were wanton, reckless, and grossly negligent in driving and running and propelling said engine and train of cars in and through and near the said town of Troy, Texas, at said fast, dangerous, and reckless rate of speed on said holiday, and in driving, running, and propelling the same against, upon, and over plaintiff.

"13. That in said town of Troy, Texas, four roads or streets cross defendant's railway track, one at said station, one about 300 yards south of said station, one north of said station about 250 yards, and the other north of said station about 100 yards; that all of said roads and streets are and were on the 25th day of December, A. D. 1895, public highways; that the crossings of same were kept up and maintained by defendant; that signal boards were erected and kept by defendant at each of said crossings; that it was customary and usual for persons in charge of defendant's engines and cars to give the statutory signals at or near said crossings; that on the occasion when said injuries were inflicted upon the body of plaintiff no signals, either by sounding the whistle or ringing the bell, were given at or near either of said crossings; that if signal had been given at the proper time and place plaintiff could have heard them and thereby avoided the injuries; that it was usual and customary for the defendant's agents and servants in charge of its engines and cars to sound the whistle and ring the bell continuously in, through, and near the corporated limits of the town of Troy, Texas; that on the occasion of the said collision no signals were given, either by ringing the bell or blowing the whistle, at or near the said town of Troy, Texas; that if the proper signals had been given at the usual and customary times and places, plaintiff could have heard same and thereby avoided said injuries; that defendant's agents and servants in charge of said engine and train of cars were wanton, reckless, and grossly negligent in running, driving, and propelling said engine and train of cars at and near said public crossings, at the time and in the manner hereinbefore described, and in failing to give the statutory signals at, in, through and near the town of Troy, Texas, thereby inflicting said injuries upon said plaintiff.

"14. That defendant's agents and servants in charge of said engine and train of cars discovered plaintiff upon said railway track, and dis-

covered his perilous position and imminent danger in time to have warned him of the approach of said engine and train of cars by ringing the bell or sounding the whistle; that if the said signal had been sounded at the proper time and place plaintiff could have heard them and thereby avoided the injuries; that said agents and servants in charge of said engine and train of cars failed to give the proper signals by ringing the bell and sounding the whistle after they discovered plaintiff upon said railway track, and after they discovered plaintiff's perilous position and imminent danger; that defendant's agents and servants in charge of said engine and train of cars discovered plaintiff upon said railway track, and discovered plaintiff's perilous position and imminent danger in time to have checked and stopped the speed of said engine and train of cars and thereby have avoided said collision; that they made no effort to check or stop the speed of same after they discovered plaintiff upon said railway track, and after they discovered plaintiff's perilous position and imminent danger; that said defendant, its agents and servants were wanton, reckless, and grossly negligent in failing to warn plaintiff of the approach of said engine and train of cars and in failing to warn him of his perilous position and imminent danger, and in failing to stop or check the speed of said engine and train of cars after they discovered plaintiff upon the track, and after they discovered plaintiff's perilous position and imminent danger.

"15. And plaintiff says that if it be not true that defendant, its agents and employes in charge of said train, discovered plaintiff's dangerous position as above set out, then he says that defendant's track or line of railway is practically straight and level from a point about 300 yards south of said station in the town of Troy, Texas, to a point about 800 yards north of said station; that the view between said points is and was, on the 25th day of December, A. D. 1895, unobstructed; that defendant's agents and servants in charge of said engine and train of cars by keeping a reasonable lookout and by the exercise of ordinary care could have discovered plaintiff upon said railroad track, and could have discovered plaintiff's perilous position and imminent danger in time to have warned plaintiff of the approach of said engine and train of cars by ringing the bell and sounding the whistle, and that defendant's agents and servants in charge of said engine and train of cars, by keeping a reasonable lookout and by the exercise of ordinary care, could have discovered plaintiff upon said railway track and could have discovered plaintiff's perilous position and imminent danger in time to have checked the speed of said engine and train of cars, and thereby avoided said collision; that defendant's agents and servants failed to exercise ordinary care or to keep a reasonable lookout at, in, and near the incorporated limits of said town of Troy, Texas, and at and before the time they ran the said engine and train of cars against, upon, and over plaintiff; that said agents and servants in charge of said engine and train of cars were wanton, reckless, and grossly negligent in failing to exercise ordinary care, and in failing to keep a reason-

able lookout at, in, through, and near the incorporated limits of said town of Troy, Texas, and at the time and before they ran said engine and train of cars against, upon and over plaintiff.

"16. That said injuries were inflicted while plaintiff was in the exercise of due care and without any contributory negligence or want of prudence on his part; that because of the roaring sound made by the wind and wires, as aforesaid, he could not distinguish and locate the direction of the roaring sound made by the said train; that at the time of and just before said collision plaintiff was walking on the end of the crossties which extended above the surface of the earth for three inches; that the unevenness of the surface required him to keep a close watch at the ground where he was walking; that at the time he wore a hat with a broad and limber brim, which on account of said violent wind, was pulled low over his face; that because of the foregoing facts and the further fact that he was almost constantly looking behind him after passing the curve to the north of him watching for the return of said handcar, he did not and could not by the use of ordinary care have discovered said engine and train of cars in time to have escaped said injuries; that while turning his gaze from the ground where he was walking to the curve behind him and back again he viewed the track in front of him as far as the second crossing, and at each time discovered a clear track except vehicles and footmen crossing same; that because of these facts and his right to presume that the agents and servants operating trains over said road would not violate the ordinance of said town or the laws in regard to the signals for stations, he felt reasonably secure from danger from his front."

*Opinion.*—We think the court erred in sustaining the demurrer and exceptions to the plaintiff's petition. According to the averments in the petition he was not a trespasser, and the defendant owed him the duty of ordinary care. Railway v. Phillips, 37 S. W. Rep., 621; Railway v. Watkins, 29 S. W. Rep., 232; Railway v. Smith, 28 S. W. Rep., 524; Chamberlain v. Railway, 33 S. W. Rep., 437. It is true, the petition shows that he was facing the train that struck him and inflicted the injuries; but he alleges certain facts in excuse of his failure to see the train in time to avoid injury, and the question of contributory negligence on his part was one of fact to be passed upon by the jury under proper instructions. Furthermore, the petition states a cause of action on the theory of discovered imminent peril, and in that class of cases, contributory negligence is not available as a defense. Railway v. Breadow, 90 Texas, 27; Railway v. Wallace, 53 S. W. Rep., 77.

*Reversed and remanded.*