[Opinion delivered March 14, 1882.]

———————————

WM. RULEMAN ET AL. V. JOSHUA PRITCHETT ET AL.

(Case No. 1426.)

1. CERTIFICATE OF ACKNOWLEDGMENT OF MARRIED WOMAN.—The certificate of acknowledgment of a deed by a married woman is defective if it fails to show that the instrument was explained to her by the officer, and that she then acknowledged it to be her act, and declared that she wished not to retract it.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

*Throckmorton & Brown*, for appellant.

*Hare & Head*, for appellees.

I. The statement in the certificate that "Mary Ruleman appeared, privately and apart from her husband," etc., is a substantial compliance with the law which required her

to be examined privily and apart from her husband, etc. Belcher *v.* Weaver, 46 Tex., 293; Solyer *v.* Romant, 52 Tex., 562; Carpenter *v.* Dexter, 8 Wall., 513; Tubbo *v.* Gatewood, 26 Ark., 128; Nantz *v.* Bailey, 3 Dana (Ky.), 111; Gregory *v.* Ford, 5 B. Mon., 471; Stevens *v.* Doe, 6 Blackf. (Ind.), 475; Owen *v.* Norris, 5 Blackf., 479; Morse *v.* Clayton, S. & M., 373.

II. The statement in the certificate of acknowledgment that "Mary Ruleman appeared before the officer privately and apart from her husband, and acknowledged the execution of the said power of attorney to have been done by her freely, understandingly, without compulsion," etc., is a sufficient compliance with the law about explaining the instrument. Carpenter *v.* Dexter, 8 Wall., 513; Belcher *v.* Weaver, 46 Tex., 293 and authorities therein cited.

III. The statement in the certificate of acknowledgment that Mary Ruleman in her private examination "acknowledged the execution of the said power of attorney to have been done by her freely, understandingly, without compulsion or restraint from her said husband, and for the purposes therein contained," is a sufficient substantial compliance with the law without stating therein that "she wished not to retract it." Carpenter *v.* Dexter, 8 Wall., 513; Belcher *v.* Weaver, 46 Tex., 293; also Hughes *v.* Lane, 11 Ill., 123.

GOULD, CHIEF JUSTICE.— The power of attorney from Jacob Ruleman and wife, Mary Ruleman, to R. S. Rutherford was authenticated by the following certificate:

"STATE OF TENNESSEE, } ss.
 " *Shelby County.* }

"I, James Rose, a duly commissioned and sworn notary public in and for said county, hereby certify that on this 25th day of April, 1853, before me came Jacob Ruleman, and Mary Ruleman, his wife, the constituents·

within named, who acknowledged the execution of the foregoing power of attorney for the purposes therein contained; and the said Mary Ruleman having also appeared before me privately and apart from her said husband, and acknowledged the execution of the said power of attorney to have been done by her freely, understandingly, and without compulsion or constraint from her said husband, and for the purposes therein contained.

"Witness my hand and seal of office at Memphis, aforesaid, the day above written.

[SEAL.]                    "JAS. ROSE, Notary Public."

The admission in evidence of the power of attorney was objected to: 1st. On the ground that a notary public in the state of Tennessee "was not authorized on the 25th day of April, 1853, to take the acknowledgments of a married woman. 2d. That the certificate of the notary does not show that Mary Ruleman was examined by him privily and apart from her husband. 3d. That the certificate does not show that the said instrument was explained by the said officer to the said Mary. 4th. That it does not appear from the certificate that the said Mary declared that she did not wish to retract the power of attorney." The court, overruling these objections, admitted the power of attorney in evidence, and the agreed case brings before us that ruling as the sole error relied on for a reversal of the judgment.

On the part of appellee it is claimed that if the acknowledgment were defective originally for want of authority in the notary, that it "was validated by the act of the legislature of Texas, approved April 27, 1874." Acts of 1874, p. 152.

We have not found it necessary in disposing of the case to pass upon this question. Although it has been investigated and argued by counsel on both sides with diligence and ability, we think it more prudent to leave it undecided, as even if this validating act cured any

want of authority in the notary, we are of opinion that the certificate of acknowledgment is in itself fatally defective. It nowhere appears in the certificate that the instrument was explained to her by the officer, and that thereafter she acknowledged it to be her act, and declared that she wished not to retract it. These are facts which must substantially appear from the certificate of the officer, because embraced both in the enacting clause of the statute and in the form which it prescribes. Pasch. Dig., art. 1003; Belcher v. Weaver, 46 Tex., 294. The certificate says that she "acknowledged the execution of said power of attorney to have been done by her freely, understandingly," etc., but nowhere speaks in the present tense, showing that the notary explained the instrument to her, and that she thereupon acknowledged it as her act and declared that she wished not to retract it. It is not enough that a married woman should appear before an officer apart from her husband, and, without having the instrument explained to her, acknowledge that she had executed it freely and understanding its purport. The law required then, as it requires now, that the officer certify in substance that, the instrument being explained to her, she declared her present wishes, by acknowledging it as her act and stating that she wished not to retract it. R. S., arts. 4310–4313.

Because the court erred in admitting the power of attorney in evidence, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.