GULF, COLORADO & SANTA FE TELEGRAPH COMPANY v. W. J. RICHARDSON.

No. 2864.

1. **Mental Suffering Grounds for Actual Damages.**—Action against the telegraph company for damages from delay in transmitting a message, "My child is very sick; come at once," addressed to a physician; by reason of the delay the physician came too late, and the child died after much suffering. The testimony showed a condition of mental distress from the delay of the doctor to visit the child; i. e., mental anguish produced as the proximate result of the failure of the telegraph company to deliver the message according to the terms of the contract of sending it. Under the facts it was proper to instruct the jury that the defendant would be liable to plaintiff for its failure to use reasonable diligence to deliver the dispatch, for such sum as the jury might believe he should receive as compensation for mental suffering caused him by such failure.

2. **Same—Case Adhered to.**—Stuart v. Telegraph Company, 66 Texas, 580, adhered to.

3. **Conflict of Evidence.** — The testimony to the causal connection between the failure to deliver the dispatch and the failure of the doctor to take the night train which left after he received the dispatch was not clear, but was passed upon by the jury.

APPEAL from Wharton. Tried below before Hon. W. H. Burkhart. The opinion gives a statement.

*J. W. Terry*, for appellant.—1. The appellee's child being sick, and the telegram having been sent by appellee for the benefit of the child and for the purpose of procuring the services of a physician to administer to the child, the right of action for failure to promptly deliver the message was in the child to recover any damages which it may have sustained .by reason of mental and physical suffering on account of the delay in the arrival of the physician, and no right of action for damages to his own feelings existed in favor of the plaintiff. Tel. Co. v. Cooper, 71 Texas, 507.

2. The appellee being in a distressed and anguished state of mind, caused by the sudden and serious sickness of his child, attended with spasms, the alleged failure to promptly transmit and deliver the telegram was not the origin of but merely resulted in a continuation of his previous anxiety and distress, which continuation of anxiety and distress of mind does not create a cause of action. Rowell v. Tel. Co., 75 Texas, 26.

3. There being no evidence which could reasonably warrant the jury in finding that the telegram was not delivered to Dr. Stone in time for him to take his departure on the train that left at 10:26 p. m., the court erred in instructing the jury in the charge complained of that they could find for the plaintiff on such supposed issue; and such charge was to the prejudice of the appellant in that it amounted to a suggestion from the court to the jury that in the opinion of the court there was evidence before the jury which would authorize them to find that the telegram was not delivered to Dr. Stone in time for the 10:26 p. m. train. Railway v. Mannewitz, 70 Texas, 73; Railway v. Faber, 77 Texas, 153; Austin v. Talk, 20 Texas, 167; Cook v. Dennis, 61 Texas, 248; Railway v. Greenlee, 62 Texas, 344; Box v. Word, 65 Texas, 160; Lee v. Yandell, 69 Texas, 34; Bigham v. McDowell, 69 Texas, 100; Railway v. Kuehn, 70 Texas, 583; Railway v. Blohn, 73 Texas, 637.

4. If the appellee was entitled to damages on account of any continuation of his suffering or anxiety caused by the negligence of the appellant, then he was only entitled to recover damages for such time as the negligence of the appellant was the proximate cause thereof. The failure of Dr. Stone to go to Thompson on the 10:26 p. m. train was due to his own negligence, and such negligence intervened between the original negligence of the appellant and the mental suffering endured after 10:26 p. m., which should have been attributed to the intervening negligence of Dr. Stone and not to the original negligence of appellant. Whart. on Neg., secs. 134–148, 153, 155; Shearm. & Redf. on Neg., sec. 34; Brandon v. Manf. Co., 51 Texas, 126; Railway v. Seale, 65 Texas, 280; Chase v. Brady, 55 N. H., 574.

*Parker & Pearson* and *Brady & Ring,* for appellee.—1. The injury to the appellee resulting from the negligence complained of was of a sufficiently direct and tangible character to authorize the jury in awarding substantial damages.   Tel. Co. v. Adams, 75 Texas, 531; Stuart v. Tel. Co., 66 Texas, 582; Tel. Co. v. Wilson, 69 Texas, 741; Tel. Co. v. Broesche, 72 Texas, 654; SoRelle v. Tel. Co., 55 Texas, 308; Tel. Co. v. Moore, 76 Texas, 66; Phillips v. Hoyle, 4 Gray, 368; Railway v. Morin, 66 Texas, 133; Com. by Tel. (Gray), secs. 64–71.

2. The issue as to what was the proximate cause of the failure of Dr. Stone to arrive on the 2d instant was fairly submitted to the jury by the charges of the court.

As to effect of negligence of third parties.   Markham v. Nav. Co., 73 Texas, 247; Railway v. Dorsey, 66 Texas, 151.

That misconduct of third party contributed to injury no defense.   2 Wood's Ry. Law, pp. 1076, 1342, note.

HENRY, Associate Justice.—Plaintiff sued to recover damage for delay in delivering the following telegraphic message:

"Thompson Station, July 2, 1888.

*"Dr. S. A. Stone, Richmond, Texas:*

" My child is very sick.   Come at once.

[Signed]                                 *"*W. J. Richardson."

The evidence conflicts as to the exact hour when the message was sent or delivered, plaintiff's evidence tending to show that it was delivered to the defendant's agent between 3 and 4 o'clock p. m., and the defendant's that it was not received by it before 5 o'clock p. m.

The evidence indicates that it was received by the defendant's agent at Richmond about thirty minutes after 5 o'clock p. m., and was delivered to Dr. Stone about 9 o'clock p. m.   The evidence shows that one train going to Thompson Station, near which the plaintiff lived, left Richmond a few minutes before 6 o'clock p. m., and another one a few minutes after 10 o'clock p. m.

Dr. Stone testified that if he had received the message in time he would have left on the first train, and if not in time for that then on the second one, but that he did not receive it in time for him to take either, and that he went at 6 o'clock the next morning and arrived at plaintiff's residence too late to be of any benefit to his child, who was sick with brain fever.

There was considerable evidence with regard to the distance that Dr. Stone lived from the depot and to his means of getting there, and as to why he did not take the train leaving Richmond about 10 o'clock p. m., after he had received the dispatch.

A jury returned a verdict in favor of plaintiff for $1000.

Appellant complains of the charge given by the court in the following respects:

"1.   That the defendant would be liable to plaintiff for its failure to use reasonable diligence to deliver the dispatch, for such sum as the jury might believe he should receive as compensation for mental suffering caused him by such failure.

"2.   That although a telegraphic message is neither prepared, delivered, nor paid for in person by the one for whose benefit it is sent, yet if it be prepared, delivered, and paid for by others acting for him at his special request the contract is complete, and the telegraph company having knowledge of its urgency and importance is liable in damages for negligence in its transmission and delivery.   If, therefore, you believe from the evidence in this case that the defendant undertook to transmit and deliver the telegraphic message in question, and that if by the use of reasonable diligence it would have been delivered in time for Dr. S. A. Stone to have visited the plaintiff's sick child on either the 6:20 o'clock or 10:26 o'clock train of July 2, 1888, and that it was not so delivered, and that said doctor would have gone if he had received it in time, then you will find for the plaintiff and assess his damages at such sum as in your judgment will compensate him for any mental suffering he may have sustained and experienced by reason of such negligent failure to deliver said message."

The dispatch was sent at the instance of and for the benefit of the plaintiff.   It was paid for by him.   It sufficiently showed upon its face and by explanations made by his agent to the agent of the telegraph company what his object in sending it was.

Plaintiff alleged and introduced evidence tending to show that the delivery of the message was delayed by the negligence of the agents of the defendant, and that the failure of the doctor to take the first trains that left Richmond was primarily caused by such negligence.

He proved a condition of mental distress resulting from the delay of the doctor to visit his child; or, in other words, he introduced evidence tending to show mental anguish produced as the proximate result of a failure upon part of the defendant to deliver the message according to the terms of the contract.

This court decided in the case of Stuart v. The Western Union Telegraph Company that the infliction of mental anguish was a ground for the recovery of actual damage (66 Texas, 580), and the same doctrine has been announced and followed in other cases decided by this court.   The fact that the child too suffered and might have been relieved by the doctor does not affect the question.

The charge of the court properly placed the right of the father to recover upon the existence of his own distress and not as compensation for the sufferings or death of the child, any further, at least, than the sufferings of the child were the inducement to his own distress.

The father's right to recover for his own distress can not be denied or affected by the fact that other relatives of the child may have also suffered mental anxiety and distress from the same cause. The broken contract was made with plaintiff and not with others or on their account; and this suit was brought to recover for the injury inflicted upon himself and not upon others.

The Supreme Court of Alabama, in the case of the Western Union Telegraph Company v. Henderson, which was for the recovery of damages for the failure to deliver a telegraphic message sent to a doctor by a husband requesting him to visit his sick wife, approved a charge of the circuit judge instructing the jury that what the husband had suffered "in witnessing the condition of his wife would be a portion of the actual damages" which the husband might recover as a consequence of the defendant's breach of the contract.

In that case, as in this, the jury were instructed that the death of the afflicted relative could not be considered in estimating the damage. 30 Am. and Eng. Corp. Cases, 615.

The evidence does not by any means make it clear that the failure of the doctor to take the train that left Richmond shortly after 10 o'clock p. m. was not the result of his own want of diligence.

But there was evidence of great delay in the delivery of the message, and he testified substantially that if there had been no delay he would have gone on one of the two trains leaving Richmond on the evening that the message was sent, and also to circumstances offering some explanation of why the delay in the delivery of the dispatch was the cause of his not taking the second and last train that left Richmond on that evening.

Under the evidence the question whether the failure of the doctor to take either of said trains was attributable to the negligence of the defendant was one of fact for the jury and not of law for the court to decide.

We do not find from the record that the court committed an error of law, and the verdict is sufficiently supported by the evidence to make it proper for us not to disturb it.

The judgment is affirmed.

*Affirmed.*

Delivered February 20, 1891.