HOUSTON & TEXAS CENTRAL RAILWAY COMPANY V. MRS. M. J. WALLACE.

Decided May 20, 1899.

**1. Evidence Not Relevant.**

Testimony to the action and declarations of another person not connected with a party to the suit, otherwise than as the inference of authority might be justified from the party's relationship to such other person, is properly excluded.

**2. Bill of Exclusion of Evidence.**

A bill of exceptions to the action of the court in excluding the answer of a witness to an admissible question must disclose what the answer would have been.

**3. Discovered Peril—Degree of Care—Ordinary Care.**

Ordinary care, as applicable to the duty of a railway company to avoid injuring one in imminent peril of being struck by one of its engines, requires that those in charge of the engine, after discovering the peril, shall use all the effective avoidable means then at hand, consistent with the safety of the engine and its operatives, to avoid or lessen the threatened injury.

**4. Same—Contributory Negligence.**

Plaintiff's contributory negligence will not estop him from recovering in a case where he was struck and injured by an engine which could easily have been stopped by those operating it after they discovered his peril.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*R. De Armond,* for appellant.

*Baker & Rhea,* for appellee.

FINLEY, CHIEF JUSTICE.—This is a suit for damages on account of personal injuries instituted by Mrs. M. J. Wallace, a feme sole, against the Houston & Texas Central Railway Company. She alleges that she received serious personal injuries by reason of being struck by one of the defendant's locomotives, which was being negligently operated by defendant's servants. She alleges that the engine was being operated at a high and unlawful rate of speed; that it made no stops for street crossings;

that no bell was being rung as the law required; that no proper lookout was being kept; and that defendant's servants having charge of the engine saw her peril before she was struck, and failed to take proper steps to avoid or lessen injury to her. The defendant pleaded general denial and contributory negligence. The case was tried, resulting in a verdict and judgment for $2500 for plaintiff. The defendant has appealed.

*Opinion.*—1. The first assignment of error complains of the action of the court in excluding evidence offered by the defendant. The bill of exceptions recites that A. J. Tichenor, a witness for the defendant, being on the stand, was asked by the defendant's counsel if he knew the stepfather of the plaintiff, a man named Tennison, to which he replied that he knew the man, and that he came down once or twice after the accident to talk with him, witness. He was then asked, "Did you have any talk with him about the case?" He answered, "Yes, sir; twice he came to see me." "Was he taking an interest in hunting up testimony in this case?" Appellee's counsel objected to this question as irrelevant, immaterial, and incompetent. The court then told counsel for defendant that the objection would be sustained unless he would undertake to connect the plaintiff with the action of said Tennison. Counsel replied that he could not do so, further than the mere relation of the parties might justify the inference of authority. The court then sustained the objection to the question. The bill of exceptions further states that Tennison was not the stepfather of the plaintiff, but was the husband of plaintiff's stepmother. A similar inquiry was made of another witness, which was not allowed by the court under like circumstances. We are cited to no authority which would condemn the action of the court, and we have no knowledge of any. 7 Am. and Eng. Enc. Law, 1 ed., p. 68. Besides, the bill of exceptions does not disclose what the witness would have sworn in answer to the question, and if the question were admissible we could not determine that the defendant was injured by the ruling. Cheek v. Herndon, 82 Texas, 146; McAuley v. Harris, 71 Texas, 631.

2. The second assignment complains that the court required of the defendant and its servants a greater and higher degree of care than that imposed by law in a special charge given on request of counsel for appellee. The additional charge of the court which is the subject of this assignment is as follows: "In addition to and in connection with the charge already given you, you are further instructed as follows: If you find that plaintiff was struck by said engine, and that her said injuries, if any, directly and proximately resulted therefrom, and if you further find and believe from the evidence that just before she was so struck by said engine, if she was so struck, she was in peril of being struck by said engine, and that the servant or servants in charge of and operating said engine saw and actually knew that the plaintiff was in peril of being struck by said engine, if she was so in peril, then it became and was the duty of defendant's servant or servants in charge of and operating said engine to use every reasonable means at hand to avert striking plaintiff, and if they

did not do so, and as a proximate result of their failure to do so, if there was such failure, plaintiff was struck by said engine and received said injuries, then plaintiff would be entitled to recover, and in these events you will find for plaintiff, notwithstanding you may find that plaintiff became involved in such position of peril by a failure on her part, if there was such failure, to use ordinary care as before defined for her own safety. But if you find and believe from the evidence that defendant's servants did not actually know of plaintiff's peril, or if they knew it, but did not know of it in time to have averted striking her, if they did strike her with said engine, by the use of every reasonable means then at hand, then in either of these events you will find for defendant on the issue here submitted as to whether said servants of defendant could have averted plaintiff being struck, if she was struck by said engine."

Counsel for appellant contends that the law required only ordinary care, such care as an ordinarily prudent person would have exercised under similar circumstances, notwithstanding the imminent peril of the plaintiff was known to defendant's servants operating the engine. In support of this contention quite a number of Texas cases are cited. In several of these cases it is said that if, after the imminent peril is discovered, the train operatives fail to exercise ordinary care to avoid or lessen the injury, the railway company is liable. Railway v. Smith, 52 Texas, 178; Railway v. McDonald, 75 Texas, 41; Railway v. Garcia, 75 Texas, 590. The doctrine of a new duty arising upon the discovery of imminent peril has been more fully discussed and developed in later decisions. In Breadow's case, decided June 18, 1896, opinion by Justice Denman, the court defines defendant's duty in case of discovered peril as follows: "If defendant through the parties in charge of the engine knew of Breadow's peril in time to have avoided same, such knowledge imposed upon it the new duty of using every means then within its power, consistent with the safety of the engine, to avoid running him down, and a failure so to do would render it liable, notwithstanding he may have been guilty of contributory negligence in being exposed to the peril. This new duty and liability for its breach is imposed upon principles of humanity and public policy to prevent what would otherwise be, so far as civil liability is concerned, the licensed destruction of persons negligently exposing themselves to peril." Railway v. Breadow, 90 Texas, 26.

In Staggs' case, decided March 1, 1897, opinion by Justice Denman, the court quotes with approval the Breadow case, and further says: "If deceased was negligent to that degree denominated contributory negligence, but the employes of the railroad company actually knew of his danger in time to have averted it, and they failed to use every means in their power, consistent with safety, to prevent the injury, the railroad company would be liable, notwithstanding the negligence of the deceased. The law embodies the principles of humanity and public policy into that salutary rule which, applied to the facts of this case, required of the engineer, when he discovered the peril of deceased, if it was discovered, to use every means in his power consistent with safety to prevent the in-

jury. To an action for failure to perform this duty contributory negligence is no defense." Railway v. Staggs, 90 Texas, 458.

In Lankford's case, decided June 10, 1895, opinion by Justice Denman, the court said: "An analysis of the charge shows that the jury were required to find from the evidence the following facts: First, that before plaintiff's wife was injured it became known to one of defendant's servants operating the train that there was about to be a collision between the train and wagon; second, that such fact was known to such servant in time for him to have stopped or diverted the cars; third, that by the use of the means then at his command he could have stopped or diverted them in time to have prevented said injuries. The verdict must be taken as establishing each of said facts. Stated briefly, the facts found and undisputed, as aforesaid, show that a servant of the company engaged in propelling a car knows that there is an impendent collision, which but for his intervention will happen between such car and the wagon, in which a number of persons are riding, which collision he has the means at hand to prevent by stopping of diverting the car, but makes no effort to do so, and the collision consequently occurred. Could the jury with these facts established rightfully have refused to find such servant negligent? We think not. We are of the opinion that there was no error in giving the charge." Railway v. Lankford, 88 Texas, 499.

The charge which was thus discussed and held not to be error was as follows: "If you believe from the evidence that plaintiff or his wife failed to exercise ordinary care, and that such failure contributed to the injury of plaintiff's wife, yet if you should find that before plaintiff's wife received her injuries, if she was injured, it became known to either of the agents or servants of the defendant who were engaged in operating said engine and cars that there was about to be a collision between said cars and the wagon in which plaintiff and his wife were riding, and if this became known to such agent or servant in time for him to have stopped said cars or to have diverted them from the track upon which they were running, and if he could have done so by the means then at hand in time to have prevented said injuries, then you will find for the plaintiff."

It may be technically correct to say that the servants of the company are required to exercise ordinary care to avoid the infliction of injury after the discovery of imminent peril. But the logic of our decisions, and those of other courts generally. is, that ordinary care under such circumstances requires the use of all the effective available means then at hand, consistent with the safety of the engine and the operatives, to avoid or lessen the injury, and that the court may so state to the jury as a matter of law. This is the view taken of the decisions by Shearman & Redfield in the late (fifth) edition of their work upon the subject of negligence. 2 Shearm. & Redf. on Neg., secs. 483, 484, and notes; Railway v. Breadow, 90 Texas, 27; Railway v. Staggs, 90 Texas, 458; Railway v. Lankford, 88 Texas, 499; McDonald v. Railway, 86 Texas, 13.

If the appellate courts may declare as a matter of law that the discovery of the imminent peril raises the duty of employing all the means

at hand to avoid or lessen the threatened injury, no good reason is apparent to us why the trial court should not tell the jury that a failure to discharge this measure of duty would render the company liable. Hence we hold that the charge was not error. There is still another view under which the charge should not be treated as reversible error. The only state of facts developed by the evidence to which the charge could have related was the failure to stop the engine after the discovery of the imminent peril of appellee. There was evidence that her peril was discovered in ample time to have stopped the engine before it struck her, and that the engine could have been easily stopped before it struck her. This evidence was not without conflict, but the charge complained of required the jury to find that state of facts to be true before they were authorized to find for plaintiff upon that phase of the case. Treating such facts then as established, no other verdict was authorized, and under the Lankford decision the judgment should be upheld.

3. The third assignment attacks the verdict as being against the evidence, in that the evidence showed that plaintiff was guilty of contributory negligence and that the servants of the defendant operating the engine did not discover plaintiff's peril in time to stop the engine before it struck, and that after they did discover her peril they used all the resources at their command to stop it which an ordinarily prudent man would have employed under like circumstances. The record does not support this contention.

The plaintiff was walking along the track at a point where the railroad runs along and upon Central Avenue, a public street of the city of Dallas, at the time she was struck by the engine. The evidence of the fireman on the engine and corroborating facts showed that her position and peril were discovered at a sufficient distance for the engine to have been stopped before striking her, by the use of the ordinary means at the command of the engineer for stopping the engine. The failure to stop the engine under such circumstances we conclude was negligence which would render the company liable, independent of the question of contributory negligence of the plaintiff. This view of the case renders the issue of contributory negligence unimportant.

There are no other questions raised by assignments of error, and we think it sufficient to conclude generally that the proof furnished by the record is in support of proper allegations in the petition and sustains the recovery. The judgment is affirmed.

*Affirmed.*

Writ of error refused.