## Western Union Telegraph Company v. C. W. Giffin

### No. 893. Decided May 3, 1900.

**Telegraph Company—Damages—Prolonging Existing Anxiety.**

For failure to transmit and deliver a telegram no damages are recoverable on account of the prolongation of existing mental anxiety on the part of the sender in regard to the condition of his family. (P. 532.)

Question certified by the Court of Civil Appeals for the Fourth District, in an appeal from Presidio County.

*Beall & Kemp*, for appellant.—Plaintiff was not entitled to recover damages for any mental distress suffered by him by reason of not having his brother-in-law and other relatives meet him at the depot on arrival of the train with the remains of his child, nor for any mental suffering he may have endured by not having the grave prepared for the interment of his child on his arrival at Sabinal, because such damages are too remote and speculative in their nature, and because the telegram did not advise the addressee to meet plaintiff at the depot, nor to dig the grave, and whether he would have done so, was dependent entirely upon his discretion. The mental distress, if any, arising from delay of twenty-four hours in plaintiff's return to his family is not a proper and legal element of damages, because the same are too remote and are not such as arise fairly from the contract of the parties, as evidenced by the telegram. Rowell v. Telegraph Co., 75 Texas, 26; Telegraph Co. v. Birchfield, 38 S. W. Rep., 635; Akard v. Telegraph Co., 44 S. W. Rep., 538; Telegraph Co. v. Edmondson, 42 S. W. Rep., 549; Telegraph Co. v. Luck, 41 S. W. Rep., 470; Ricketts v. Telegraph Co., 30 S. W. Rep., 1105; Telegraph Co. v. Smith, 76 Texas, 253.

*P. H. Clarke* and *Falvey & Davies*, for appellee.—It being pleaded by plaintiff that defendant's agent at the time of receiving plaintiff's telegram for transmission was fully informed of the facts that the addressee was plaintiff's brother-in-law, and sexton of the family burying ground, that plaintiff's object in sending said telegram was to have a grave prepared, to have his relatives at Sabinal to meet the funeral

and afford an escort on his arrival at Sabinal to the grave, and to effect arrangements for interment on plaintiff's arrival at Sabinal so as to enable him to return by next train, and that said early return was desired by him and rendered necessary by reason of his wife and children being seriously sick—then the contract to transmit was made in view of these purposes, and when defendant, appellant, failed to transmit and voluntarily cut its wire, it had, through communication to its agent, and by the laws of human nature, and by the subject matter of the telegram, notice that the direct, natural, and proximate effect to plaintiff would be mental anguish from the failure to attain each of his said objects, and is assumed to have contemplated said anguish and mental suffering of plaintiff as caused by said breach. The court did not err in overruling defendant's exceptions or in charging that the jury may consider mental anguish as an element of damage. Telegraph Co. v. Broesche, 72 Texas, 657; Telegraph Co. v. Simpson, 73 Texas, 422; Telegraph Co. v. Grimes, 82 Texas, 89; Telegraph Co. v. Carter, 2 Texas Civ. App., 624; Stuart v. Telegraph Co., 66 Texas, 580; Telegraph Co. v. Cooper, 71 Texas, 507; Telegraph Co. v. Adams, 75 Texas, 531; Telegraph Co. v. Moore, 76 Texas, 66; 1 Suth. on Dam., sec. 50.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"In the above styled and numbered cause, pending on appeal in this, the Court of Civil Appeals for the Fourth District of Texas, at San Antonio, a question of law arises which this court deems advisable to submit to the Supreme Court for adjudication, and it has accordingly directed me to certify same to your honorable court for decision, it being as follows:

"Explanation.—C. W. Giffin left Toyahville with the body of his child to take same to Sabinal for the purpose of interring it in the family burial ground there. He traveled all day by wagon to Marfa, the nearest railroad and telegraph station, arriving there in time for the evening train going to Sabinal. He had left his wife critically sick, and also another child seriously sick of the same disease of which this child had died, at his home remote from neighbors, and with no one to properly care for them. At Marfa he paid for and delivered for transmission this message: "A. J. Durham, Sabinal, Texas. Will be there tomorrow to bury our baby. C. W. Giffin." He explained to the operator at the time of sending the message that he was sending it to his brother-in-law, at Sabinal, where he had other relatives, and that his reasons for sending the same were that his relatives at Sabinal might be notified in time to meet him on arriving there with the corpse, and that all arrangements might be made for the funeral without delay on plaintiff's arrival; that he had left his folks at home sick, and that he was for that reason anxious to return to them by the west-bound train from Sabinal the next evening, and that this was also a reason for sending the tele-

gram, and requested the operator, for these reasons, to hasten the sending of the message, who promised a prompt delivery of it.

"The telegram was not sent, and this resulted in no preparations having been made for the funeral, and a delay therein, which caused plaintiff to miss the return train which he would otherwise have taken, thereby delaying him in his return to his family about twenty-four hours. Plaintiff was anxious about his family at home, and this anxiety and distress of mind was prolonged for some twenty-four hours by his having to wait at Sabinal for the next day's train, owing to the failure to deliver the message.

"Question.—Was plaintiff entitled to recover damages on account of such prolongation or increase of mental anxiety?"

The failure of the telegraph company to transmit and deliver the message, whereby plaintiff's existing anxiety for his family was protracted, does not give him a right of action against it. Rowell v. W. U. Telegraph Co., 75 Texas, 26; Johnson v. W. U. Telegraph Co., 14 Texas Civ. App., 536. This case is not distinguishable from Rowell v. Telegraph Co., which was approved by this court in refusing writ of error in Johnson v. same.