## MARY ESTES v. J. H. TURNER.

### Decided November 12, 1902.

**1.—Trespass to Try Title—Innocent Purchaser.**

Where in trespass to try title plaintiff claimed under deed from the surviving wife of F., a former owner, and no will of F. or administration on his estate was shown, and the surviving wife was apparently not authorized to make the conveyance, while defendant claimed through deed from F., plaintiff could not, since he had failed to connect himself with the title of F., avoid the effect of the deed from him to defendant on the ground that he (plaintiff) was a bona fide purchaser without notice thereof.

**2.—Married Woman's Deed—Acknowledgment.**

Where the certificate of acknowledgment to a deed of the wife's separate land, recited, as to the wife's separate acknowledgment, that she "being asked separately says that she signed the deed with her own full will, without being forced or compelled by her husband, and that she signed the within instrument for all purposes and considerations therein contained," the deed was a nullity because the certificate does not recite a separate and privy examination of the wife, nor that the instrument was explained to her, and she is not made to declare that she did not wish to retract it.

**3.—Trespass to Try Title—Possession Sufficient Against Naked Trespasser.**

Prior possession alone is sufficient in trespass to try title to warrant recovery by plaintiff as against a naked trespasser.

Appeal from the District Court of Rusk County. Tried below before Hon. R. B. Levy.

*John R. Arnold,* for appellant.

*S. J. Hendrick, J. H. Turner,* and *Gaines P. Turner,* for appellee.

GILL, Associate Justice.—This suit was brought by J. H. Turner against Mary Estes, the appellant, and her sons, Tom Estes and Henry Estes, and the form of the action was trespass to try title with writ of sequestration. The sons disclaimed and Mary Estes answered by general denial and plea of not guilty; set up title in herself and pleaded over against the appellee in damages both actual and exemplary for wrongful levy of the writ of sequestration. In replication to her claim of title the appellee pleaded not guilty, improvements in good faith, and limitation of three, five, and ten years. As bearing upon the claim for damages appellee pleaded that his right to the possession and enjoyment of the premises had been adjudicated in his favor in a suit of forcible entry and detainer begun by him against appellant and prosecuted to a successful issue.

In reply to this appellant pleaded, among other things, coverture. On a trial by a jury the case was submitted upon special issues, and upon the answers of the jury a general judgment was rendered in favor of the plaintiff, Turner.

The history of the title and claims of the respective parties may be briefly stated as follows: Mary Reed Ferguson, the wife of Joseph Ferguson, was the daughter of W. B. Reed, who originally owned the land in controversy. W. B. Reed conveyed this land (which is situated in Rusk County) to his son, John Reed, conveying at the same time to his daughter, Mary Reed Ferguson, an equal amount of land in Freestone County. John Reed and his sister Mary, for purposes of mutual convenience, exchanged with each other the lands above mentioned and Mary became the owner in her own right of the land in controversy. Thereafter Mary Reed Ferguson undertook to convey to Alston Ferguson. Alston Ferguson died in 1864, and the record does not show that he left a will or that administration was had upon his estate. His widow who survived him, and whose name also was Mary, on May 14, 1883, conveyed the land to Wesley Acrey for a valuable consideration, and this deed was placed on record in Rusk County, May 29, 1883. On October 30, 1884, Acrey and wife sold and conveyed the land to J. H. Turner and their deed to him was recorded in January, 1888. When this deed was delivered to Turner they also delivered to him a certified copy of the deed from Mary Reed Ferguson to Alston Ferguson. These transfers constitute the paper title of Turner. Mary, the widow of Alston, as the record stands, did not own more than an undivided half interest, it being presumably community property of her and her deceased husband.

Mary Estes claims under a deed executed and alleged to have been delivered to her by Alston Ferguson, her father, in October, 1861, reciting as consideration love and affection, and the fact that the land

conveyed was a part of her interest in his estate. This deed was proven up by a witness and filed for record February 18, 1898.

Turner defends against this deed upon these grounds: First, he contends it was never delivered and therefore never took effect. Second. He, Turner, bought for value without notice of Mary Estes' claim under this deed or in any other way, and therefore took title notwithstanding her deed. Third. The deed from Mary Reed Ferguson and her husband, Joseph, was never properly acknowledged by the wife, and being her separate property, conveyed no title to the vendee; and as under this contention neither he nor appellant have title, and he had possession, his possession entitled him to judgment as against appellant, who was a naked trespasser.

In response to his first contention the jury found the deed had not been delivered, and this answer might ordinarily end the controversy, but it is assailed as unsupported by the evidence, and also for supposed errors committed by the court in the admission of testimony and the submission of the issue.

We regard the issue as properly submitted, and are of opinion the complaints against the admission of testimony are without merit. We refuse with some reluctance to disturb the verdict upon this issue on the facts, but decline to enter into a detailed discussion of the assignments assailing the action of the court upon the trial or refusing to set aside the answer of the jury upon the point, for the reason that the answer does not remove the difficulties which stand in the way of an affirmance. In the absence of this deed Mary Estes is nevertheless an heir of Alston Ferguson, and the length of time which elapsed between the death of Alston and the conveyance from his widow Mary to Acrey, perhaps precludes the presumption that the conveyance was made for the discharge of community debts. Mary Estes might thus have recovered for herself as heir and as cotenant of the other heirs.

Turner's second contention is of no avail, because he bought from the surviving widow who had no apparent power to convey, and he himself claims under Alston Ferguson with whose title he has failed to connect himself. We remark in this connection that the pleas of limitation are not available to appellee as against Mary Estes, because of the coverture of Mary Estes, which extended from 1860 until within less than three years of the institution of this suit. The date of her marriage and the death of her husband are not found by the jury, but the undisputed proof establishes the dates as above stated.

The third contention of appellee must be determined upon the validity of the certificate of acknowledgment of the deed from Mary Reed Ferguson to Alston. The certificate is as follows:

"The State of Texas, County of Hamilton. Before me, R. A. Fuller, clerk of the County Court of Hamilton County, Texas, personally appeared before me Joseph Ferguson and his wife, Mary Ferguson, to me personally known, who acknowledged that they had signed the within instrument of writing or deed, for all purposes and considerations

therein contained and set forth, and his wife Mary Ferguson being asked separately says that she signed the within instrument of writing with her own full will, without being forced or compelled by her husband and that she signed the within instrument for all purposes and considerations therein contained." (Official signature and seal.)

An inspection of this certificate discloses three defects: (1) It does not recite a separate and privy examination of the wife by the officer; (2) it does not recite that the instrument was explained to her, and (3) she is not made to declare that she did not wish to retract it. We regard it as well settled that these defects are fatal to the validity of the acknowledgment. Ruleman v. Pritchett, 56 Texas, 482; Belcher v. Weaver, 46 Texas, 294; Berry v. Donley, 26 Texas, 737; Pasch. Dig., art. 1003.

The deed is thus rendered a nullity, the land undertaken to be conveyed being the separate property of the wife. No title passed thereby to Alston Ferguson, and none could pass to his daughter, Mary Estes, either by virtue of his deed to her or by inheritance.

In this view of the case no other judgment could have been rendered than was rendered by the trial court.

The appellee should have recovered because his possession had been disturbed by Mary Estes and her sons who entered as naked trespassers. Second. Because the long uninterrupted adverse possession which had been maintained by appellee, though not good against Mary Estes, had she shown title in herself, had long since completed the bar of ten years as against the title which remained in Mary Reed Ferguson; and for this purpose limitation was properly permitted to be shown, and was correctly submitted to the jury.

This conclusion renders it unnecessary to notice any of the other points made by the briefs. We have deemed it unnecessary to set out the many answers of the jury to the special issues submitted. Such parts of the verdict as are pertinent support the conclusions we have reached. We have been able to find no reversible error in the judgment, and it is therefore in all things affirmed.

*Affirmed.*