Texas Central Railway Company v. H. C. Pelfrey.

Decided April 16, 1904.

**1.—Railroads—Negligence of Foreman of Gravel Train—Assumed Risk.**

Evidence considered and held to show that the foreman of a gravel train, on which a steam shovel was being operated, was guilty of negligence in ordering the machinery to be moved at a time when plaintiff, one of the hands, was in a position to be injured thereby, and that the danger of such position, resulting from the order, was not a risk which plaintiff had assumed.

**2.—Same—Fellow Servants—Gravel Train.**

Employes of a railway company engaged in loading a train of flat cars with gravel and hauling same to make a fill on the main line are engaged in "operating a train" within the meaning of the statute making railway companies liable for injuries to an employe resulting from the negligence of a fellow servant.

**3.—Same—Negligence of Fellow Servant Concurring with that of Foreman.**

The negligence of a fellow servant, concurring with that of a vice-principal, will not relieve the master from liability for injury resulting therefrom.

**4.—Same—Contributory Negligence—Issue for Jury.**

Whether or not plaintiff was guilty of contributory negligence in occupying the position he was in at the time of the accident, instead of another position he might have taken, was an issue for the determination of the jury.

**5.—Charge—Uncontroverted Issue.**

Where there is no controversy in the evidence as to a given matter, it is not error to refuse a requested charge submitting that matter to the jury as an issue.

Appeal from the District Court of Eastland. Tried below before Hon. J. T. Cunningham, Special Judge.

*J. R. Warren, J. A. Kibler,* and *Clark & Bolinger,* for appellant.

*D. G. Hunt* and *W. E. Conner,* for appellees.

SPEER, Associate Justice.—H. C. Pelfrey and J. C. Pelfrey, son and father, respectively, sued the Texas Central Railroad Company and recovered a judgment for damages for personal injuries to the son, who was a minor. The injuries consisted in the mangling of the great toe of the right foot, necessitating its amputation. The allegations of the petition were, in substance, that plaintiff H. C. Pelfrey was employed by defendant as a laborer, and with other employes was engaged in the work of operating a train of cars, loading the same with dirt and gravel by means of a steam shovel. That the agencies thus employed in the work of hauling dirt and gravel were under the control and management of one Byrd, defendant's foreman. That plaintiff H. C. Pelfrey was inexperienced in such work, and ignorant of the dangers incident to the use of the steam shovel, and that the foreman failed to warn him. That by order of the foreman the keg of drinking water, which supplied the train crew, was placed among the timbers of the shovel machinery on the cars, and the employes were instructed to go there for their drinking water. That at a time when said machinery was not in motion said

Pelfrey in a proper manner approached the drinking keg, and while in the act of procuring water, the foreman negligently, without giving warning, as he should have done, gave the signal which caused said machinery to move forward on the car, rolling upon and crushing his foot, resulting as aforesaid. The father also claims damages for the remaining years of the minority of his son.

Defendant answered pleading that the injuries were the result of the negligence of a fellow servant, contributory negligence of and assumed risk by the plaintiff. There was a trial before a jury resulting in a verdict in favor of the son for $1000, and in favor of the father for $300. The railroad company appeals.

We conclude that the evidence is sufficient to establish that appellant was negligent in the particulars alleged in appellees' petition, proximately causing the injuries complained of; that appellee H. C. Pelfrey was himself free from negligence, and that he did not assume the risk of the accident which resulted in his injuries. J. C. Byrd testified: "I was steam-shovel foreman for the defendant. At that time I was engaged in the business of loading gravel on the Texas Central Railroad at Morgan, Texas, loading the same on flat cars with the steam shovel. H. C. Pelfrey was working under me at that time; he was working on a flat car in front of the steam shovel, and that day he came around upon the steam shovel gear work to get a drink of water. I saw him get the water out of the keg and step down upon the floor of the flat car and place his foot under the roller. Just then the shovel pulled back and the machine rolled forward. I heard him halloo. I stopped the shovel immediately, but his foot was under the roller. * * * At the time of the accident I was directing the operation of the shovel, and was standing about thirteen feet from plaintiff when he was injured. * * * The steam shovel moved two or four feet along the flat car at intervals as it was being operated. I can not remember that I gave the signal to move the shovel at the particular time Pelfrey was hurt, but it was my duty to control the moving of the machine at all times, and I did it by signals."

H. C. Pelfrey testified: "We had worked about one hour after the water had been placed upon the machine when I started to get a drink of water. At this time the machine lacked about two feet being to the end of the car which it was on. This space I had cleaned off, and also the front end of the car next to it. The machine had just moved up and stopped, and immediately after the machine had stopped I went around to the end of the coal box and stepped on the beam of the flat car on which the machine was, and stepped in the space between the outside sill and the middle sill and up to the keg of water, took the dipper, dipped up the water and was drinking, when the machine was moved forward and the roller caught my great toe of my right foot. * * * Mr. Byrd was about twelve feet from me and in plain view of me when drinking. His face was not exactly to me, but rather the side of his face. There was a space on top of the flat car about two

and a half feet wide and four or five feet long between the center sill and the middle cross sill, and I was standing in this space when I was hurt. * * * I did not see Mr. Byrd motion for the shovel to move, but he was there at his place of duty where he had always before given the signal for it to move, and the shovel never moved without the signal. I had noticed Byrd the day before, when he wanted the machine moved he nodded his head. Byrd, the foreman, would give the signal to Jack Miller, the leverman, and then the machine would move. I never saw Byrd nod to Miller to move the machine when I was hurt. I just went up to the keg to drink and at once began drinking. Byrd was in plain view of me and could have seen me. The machine had just moved up and stopped, and then I at once went to the water keg and at once began drinking when the machine moved before I was through and caught me. * * * I never saw the rollers the day before, for the machine was then parallel with the car and the framework of the machine was entirely hid from view by the housing or cover." J. A. Wood testified: "Just before Pelfrey had dipped up his water, I had thrown a shovel of coal, and was then looking at Mr. Byrd, and saw him give the signal to move the machine forward. I at once jumped at Pelfrey and hallooed. At the time of the accident I had just fired the boiler and started to get a drink of water, and I saw Henry standing at the keg. He was either caught in the act of taking a drink or drinking."

The special charge of appellant requesting the submission of the issue of injuries received through the negligence of Miller, the fellow servant of appellee H. C. Pelfrey, was properly refused for two reasons. The evidence did not fairly raise such issue, and if it had done so, the negligence of a fellow servant would not have been a defense in this case, since the plaintiff and his coemployes were engaged in operating a train within the meaning of our fellow servant statute. The work in hand consisted in loading the train of flat cars with dirt or gravel, and hauling the same to make a fill on the main line of appellant's road. The cars were loaded with a steam shovel, but this was merely an expeditious means to an end, and in no way changes the nature of the work the train crew was engaged in, to wit, operating a train of flat cars for the purpose of carrying dirt to make a fill. Texas & P. Ry. Co. v. Webb, 31 Texas Civ. App., 498; 7 Texas Ct. Rep., 34, 72 S. W. Rep., 1044; Seery v. Gulf C. & S. F. Ry. Co., 34 Texas Civ. App., —, 8 Texas Ct. Rep., 925.

Of course the negligence of a fellow servant, even conceding that the crew was not operating a train, if it concurred with the negligence of the vice-principal, would not relieve the master. Ray v. Pecos & N. T. Ry. Co., not yet reported; American Cotton Co. v. Smith, 29 Texas Civ. App., 425, 5 Texas Ct. Rep., 392; St. Louis S. W. Ry. Co. v. Smith, 30 Texas Civ. App., 336, 5 Texas Ct. Rep., 815.

The appellee H. C. Pelfrey, when he entered the service of the appellant, assumed the risks ordinarily and naturally incident to a proper operation of the steam shovel and cars, but did not assume the risk of

his foreman's negligence in rolling the machine over him at a time when such foreman ought to have seen him, hence appellant's special charge number 3 was properly refused. It was not applicable to the facts of this case; the main charge was more appropriate. The question of appellee's standing on the floor of the car, rather than upon the framework of the machine,—which, if it constituted a defense, could not be classed as an assumption of the risk of injury,—was properly submitted in the main charge as contributory negligence.

Special charge number 1 requested by appellant was properly refused because, if for no other reason, it sought to submit to the jury as doubtful the question whether or not the foreman, Byrd, knew of the dangerous position of Pelfrey's foot, or could have reasonably anticipated such danger, when the foreman himself says, which is undisputed, that he saw Pelfrey take the place of danger and put his foot in front of the roller. The real issue was whether Byrd gave the order which set in motion the heavy machinery. This the jury resolved in favor of appellees.

We think the issues in the case were fairly submitted in the charge of the court. The important issue of the contributory negligence of the injured appellee in standing on the floor of the car between the sills constituting the framework of the machinery, rather than on such sills in a place of safety, was submitted to the jury and determined adversely to appellant. We can not say their decision is wrong. It may be that a reasonably prudent person would have stood in this level space, which is shown to be some two or three feet square, rather than upon an elevated nine-inch sill, especially when he knew the machinery had just been moved forward and should not again be moved for several minutes, and not then except upon the signal of the foreman who had an unobstructed view of him.

All assignments are overruled, and the judgment affirmed.

*Affirmed.*

Writ of error refused.