SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. PEARSON.

(Court of Civil Appeals of Texas. Galveston. April 22, 1911. Rehearing Denied May 11, 1911.)

1. APPEAL AND ERROR (§ 1001*)—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.

Where the evidence is sufficient to support the verdict, it will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

2. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES.

The court properly refused an instruction that, if plaintiff went to her husband on the first train leaving H. after she learned he had been shot, the defendant would not be liable for failure to connect her with long distance telephone so that she could have him brought to H., where there was no claim in the petition that plaintiff was delayed in going to her husband after he had been shot, but only that she was prevented from having her husband brought to H., so that she might be with him sooner than she could have been otherwise.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In an action against a telephone company for failure to give plaintiff a long distance connection so that she might order her wounded husband brought to her on an early train, in which the undisputed evidence showed that plaintiff went to her husband on the first train leaving H. after she heard he had been shot and reached him as soon as it was possible, and that when she canceled her long distance call to C., where her husband lay wounded, the train coming to H. had passed C., it was not error to refuse an instruction on the issue of plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

4. EVIDENCE (§ 354*)—DOCUMENTARY EVIDENCE—TELEPHONE CALL TICKETS.

Telephone call tickets containing original entries by the operator of when calls for connection were made, when the connection was given, and, if canceled, when, are admissible in evidence aside from the testimony of the operator who made the entries, when shown to have been properly kept, and when properly identified, being necessary memoranda for the transaction of the business.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

5. APPEAL AND ERROR (§ 926*)—PRESUMPTION OF PREJUDICE—EXCLUSION OF EVIDENCE.

When the record does not show the contents of certain memoranda offered in evidence and improperly excluded, the court cannot presume that the exclusion was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3735–3738; Dec. Dig. § 926.*]

6. TELEGRAPHS AND TELEPHONES (§ 68*)—FAILURE TO GIVE TELEPHONE CONNECTION—DAMAGES—MENTAL SUFFERING.

Where defendant was fully informed of the purpose of a long distance call, of the relation of the parties, and all the attending circumstances, and knew that unless the call was promptly transmitted plaintiff could not be with her husband until the next day, and could reasonably anticipate that any negligence on its part which would delay plaintiff in the purpose for which the call was made would cause her to suffer mental anguish, distinct from the anxiety which she was then suffering from her knowledge that her husband had been shot, damages for such mental anguish are recoverable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Juliette Pearson against the Southwestern Telegraph & Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

A. P. Wozencraft, W. S. Bramlett, D. A. Frank, and Harris & Harris, for appellant. Samuel Peterson and Otto Taub, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover damages for the alleged negligent failure of appellant to place appellee in communication over the telephone lines of appellant with parties at China, Tex., for whom appellee had placed a call through appellant's office at Houston, Tex., on the evening of August 25, 1908. The petition alleges, in substance, that at about 8 o'clock p. m. on August 25, 1908, A. R. Pearson, the husband of appellee, was shot and fatally wounded at China in Jefferson county, Tex.; that at said time plaintiff resided temporarily with her father at the city of Houston; that, shortly after the husband of plaintiff was shot, the plaintiff was informed of said occurrence; that immediately upon receiving said information the plaintiff, desiring to give instructions to the effect that her wounded husband be placed on the train and sent to Houston, where he could and would have received immediate expert medical treatment and the personal care and attention of plaintiff, rang up and communicated with the long distance operator, the agent of defendant, at said city of Houston, and requested said operator to place plaintiff in communication with the operator and friends of plaintiff's husband at said China; that at the time plaintiff made said request she (plaintiff) informed said long dis-

tance operator of the nature, urgency, and importance of the conversation which plaintiff wished to hold with said operator at China, and of the relationship between plaintiff and her wounded husband; that thereupon said long distance operator, agent of defendant, accepted the offer of plaintiff, and promised to place plaintiff in communication with said operator and friends of plaintiff's husband at China; that plaintiff agreed and offered and was ready, willing, and able to pay the usual charges of defendant for such service, and would in fact have paid such charges if she had been afforded such service; that thereafter plaintiff waited about five minutes, and, not hearing from said operator, rang up said long distance operator of defendant again and asked to be placed in communication with defendant's said operator and friends of plaintiff's husband at China; that thereupon plaintiff was informed by said long distance operator that her request would be complied with, and that she would be placed in communication with said operator within a short time; that thereupon plaintiff waited about 10 minutes longer, and not hearing from said operator at China, again rang up said long distance operator; that thereupon said long distance operator informed plaintiff that said operator at China had gone and could not be communicated with over defendant's telephone line that evening and night and until the following morning; that immediately thereupon plaintiff requested one George Voss (a friend of plaintiff's husband and herself) to try to prevail upon said long distance operator to place plaintiff in communication with said operator and friends of plaintiff's husband at China; that said George Voss, acting as the agent of plaintiff, thereupon rang up said long distance operator, whereupon said operator informed him also that said operator at China had gone home, and that it would be impossible to communicate with him until the following morning.

Plaintiff alleges that, as a matter of fact, said operator at China did not go home or leave his place of business, where the office and telephone instrument of defendant at China are located, from the time of the shooting of plaintiff's husband, at or about half past 8 o'clock p. m. on the date aforesaid, until the following morning; that said operator and friends of plaintiff's husband at China were ready to communicate with and receive communications from plaintiff over said long distance line of defendant at all the times, and during the entire time, that plaintiff and said George Voss tried to get in communication with said operator and friends of plaintiff's husband at China; that said operator and other friends of plaintiff's husband would have communicated with plaintiff, if said long distance operator had placed plaintiff in communication with him; that such facts were known to defendant and to its agents, or by the use of reasonable diligence by defendant and its agents such facts would have been known to it and to them, and plaintiff could and would have been placed in communication with said operator at China; and that the failure of defendant and of its agents to exercise such diligence was gross negligence and carelessness on the part of defendant.

Plaintiff alleges: That her object in seeking to communicate with said operator at China was to give instructions to said operator, and to friends of plaintiff's husband at China, to place her husband on the westbound passenger train of the Texas & New Orleans Railway Company, which train passed through said China at or about 9:56 o'clock p. m. on said date, to wit, the 25th day of August, 1908. That said train was a daily passenger train of said railway company and was scheduled to pass through said China at or about 9:56 o'clock p. m. each day, and would have stopped at China upon request, which facts were or should have been known to defendant and its agents. That but for the negligence of defendant, as heretofore alleged, plaintiff could and would have requested said train to stop at China, and could and would have given instructions as aforesaid to have her husband placed on said train and brought to Houston. That, if said request had been made and said instructions had been given, plaintiff's husband could and would have been placed on said train, and could and would have arrived at Houston by the usual course of travel on said train at or about 12:05 o'clock a. m. on the 26th day of August, 1908. That all of these facts were known to defendant, or by the use of reasonable diligence could and would have been known to defendant and to its agents and employés. That from on or about, to wit, the 25th day of August, 1908, at or about 7 o'clock p. m., until on or about the 26th day of August, 1908, at or about 7 o'clock a. m., the telephone line of defendant was the only available means of communication between Houston and China. That by reason of the gross negligence of defendant, as heretofore alleged, plaintiff was prevented from hearing of the condition of her husband, or seeing him until the day following his wounding, to wit, the 26th day of August, 1908, at or about 9 o'clock a. m. That plaintiff availed herself of the earliest means of transportation to reach her husband, and took passage on the east-bound train of the Texas & New Orleans Railway Company, on the 26th day of August, 1908, the day after the wounding of her husband, at 6:30 o'clock a. m., at Houston, and reached her husband at China at or about 9 o'clock a. m. of said day. That, upon reaching her husband, plaintiff exerted every means obtainable and within her power to save the life of her husband. That she caused her husband to be placed on the train and taken to the city of Beaumont, Jefferson

county, Tex., where they arrived at or about 10 o'clock a. m. of said day. That shortly after reaching Beaumont plaintiff caused her husband to be conveyed to a hospital, and that thereafter, on the 28th day of August, 1908, he died.

"Plaintiff alleges that by reason of the premises, and by reason of the gross negligence and wanton conduct of defendant, its said agents, officers, and servants, as hereinbefore alleged, and as a direct and proximate result thereof, plaintiff was prevented from being with her husband during the night following his wounding, whereby plaintiff suffered great physical pain, disappointment, grief, and mental anguish, to her damage in the sum of $1,950; and that by reason of the negligence of the defendant, its agents, officers, and servants, and as a direct and proximate result thereof, plaintiff was compelled to incur the expenditure of $2.50 as railway fare as hereinbefore alleged, to her pecuniary loss and damage in the sum of $2.50."

Defendant answered by general denial, and by various special pleas in which it is averred that, at the time plaintiff put in the call for China, the telephone of defendant was closed for the night and did not open again until the next morning, and for that defendant was unable to answer to said call; that the call was put in at 9:30 p. m.; and that the only train passing by China and coming to Houston on that night passed China at 9:56 p. m., and said train did not stop regularly at China and would not have stopped if it had been signaled, and plaintiff could in no event have had her husband brought to Houston on that night; that plaintiff did go to China on the first train from Houston for that place on the morning of August 26, 1908, and got with her husband as soon as it was possible for them to have gotten together.

It is further averred that plaintiff was guilty of contributory negligence in not attempting to communicate with China by telegraph, in canceling the call over defendant's telephone at 10:15 p. m. on the night of August 25th, and in failing to make arrangements to stop the train and have her husband brought to Houston as soon as she learned that he had been shot.

The trial in the court below with a jury resulted in a verdict and judgment in favor of appellee for $1,000.

The evidence is sufficient to establish all of the material allegations of the petition. There is no assignment attacking the verdict on the ground that it is without evidence to support it, or that it is against the great weight of the evidence, and learned counsel for the appellant, who presented an oral argument on the submission of the case, did not so contend.

[1] In deference to the verdict of the jury, we find that the appellant was negligent as alleged in the petition, that appellee was not guilty of contributory negligence in any of the respects charged by the appellant, and that as a result of appellant's said negligence appellee was damaged in the amount found by the jury.

[2] The first assignment presented in appellant's brief complains of the refusal of the court to give a special instruction requested by the defendant, in which the jury were directed to return a verdict for defendant if they should find from the evidence that plaintiff went to her husband on the first train leaving Houston after she learned that he had been shot.

The evidence is undisputed that plaintiff did go to her husband on the first train leaving Houston after she heard he had been wounded, and the instruction requested, in view of the state of the evidence, was in effect a peremptory charge to the jury to return a verdict for the defendant. Appellant's proposition under this assignment is: "If the plaintiff was not delayed in reaching her husband by any negligence on the part of the defendant, defendant is not liable in damages." It is not claimed in the petition that appellee was delayed in going to China by the alleged negligence of the defendant, but that by such negligence she was unable to have her husband brought to Houston, and was therefore prevented from being with him and ministering to him during the night on which he was shot. This being the cause of action alleged, the fact that appellee went to her husband at China on the first train leaving Houston and reached him the morning after he was wounded does not affect the question of appellant's liability for the suffering caused appellee by her being prevented from having her husband brought to Houston, in order that she might be with him nine hours sooner than she could possibly have been otherwise. The court did not err in refusing the requested instruction, and the assignment cannot be sustained.

[3] The second assignment complains of the refusal of the court to charge the jury upon the issue of contributory negligence on the part of appellee in not going to her husband as soon as she heard that he was shot, and the third assignment of the court's refusal to give special instructions requested by the defendant submitting the issue of contributory negligence on the part of the appellee in canceling the call for China at 10:15 p. m. on the night of August 25, 1908.

As before said, the undisputed evidence shows that appellee did go to her husband on the first train leaving Houston after she heard that he had been shot, and reached China as soon as it was possible for her to have gotten there. The evidence is also undisputed that, at the time appellant claims appellee canceled her call for China, the train coming to Houston that night from China had passed that place, and therefore the cancellation of the call at the time it was canceled could have in no way contributed to the

injury caused appellee by being deprived of the privilege and comfort of being with her husband on the night he was shot. Such being the undisputed evidence, the issues of contributory negligence submitted in the requested instructions were not raised, and the instructions were properly refused.

[4] The fourth assignment predicates error upon the ruling of the court sustaining objections of appellee to the introduction in evidence of the original call ticket kept by appellant's operators at Houston on the night of August 25, 1908. We gather from the record that this ticket contained the original entries which telephone operators are required to keep, showing the time calls were put in, the time connection was obtained with the office, and person called for, or, if the call was canceled, the time of such cancellation. The entries on the ticket are made by the operator handling the call. The operators are changed or relieved at stated hours, and one operator may receive the call, another secure the connection called for or receive the cancellation, as the case may be. Each operator who may participate in handling the call makes the entry on the ticket showing the fact or facts before stated occurring while he is handling the call.

The witnesses offered by appellant identified the ticket offered in evidence as the original call ticket kept in appellant's office on the night in question. Some of the entries shown on this ticket in reference to appellee's call for China were not made by either of the witnesses, but were shown to have been made by an operator of appellant not now in its employ. Upon the objection of appellee, the court refused to admit the ticket in evidence, but permitted the witnesses to testify what the entries on the ticket made by them showed. We are not prepared to hold that the ticket was not admissible as a proper record containing the original necessary entries made by the defendant's employés in properly carrying on its business. The necessity for such record is apparent, and without it the business of a telephone company could not be efficiently conducted. Upon a change of operators, the one taking charge of the work would not know what had occurred in regard to pending calls, and confusion and delay would necessarily result. It is impossible for operators to keep in their minds the exact time calls are put in and answered, or canceled, or to remember by whom and for whom calls are made, or other material facts connected with the service performed by them. These facts could in many cases only be shown by the original entries made by the operators at the time the facts occurred. We see no reason why the record of original entries of this kind should not be admissible in evidence just as the books of original entries of a merchant are admissible. When such records are shown to have been properly kept and are properly identified, we think the entries therein would be admissible unaccom-

panied by the testimony of the operator who made the entry.

[5] No bill of exceptions was taken by appellant to the exclusion of this evidence, and the record does not disclose what the entries on the ticket in question show, and therefore we cannot say that the exclusion of the offered evidence was harmful to appellant's case. In the absence of a proper bill of exceptions, we cannot know that the evidence was material, or that it would have benefited appellant in the least, and cannot presume that its exclusion was harmful error. For this reason the assignment complaining of the ruling of the court refusing to admit the evidence cannot be sustained. McAuley v. Harris, 71 Tex. 631, 9 S. W. 679; Cheek v. Herndon, 82 Tex. 152, 17 S. W. 763; Home·Circle Society v. Shelton, 85 S. W. 320; Compress Co. v. Davidson, 80 S. W. 1036; Adams v. Railway Co., 30 Tex. Civ. App. 365, 70 S. W. 1007; Lindsey v. Singletary, 43 S. W. 275; Railway Co. v. Wallace, 21 Tex. Civ. App. 394, 53 S. W. 77.

The fifth, sixth, and seventh assignments complain of portions of the charge given the jury. None of the objections to the charge presented by these assignments is valed, and each of said assignments is overruled without discussion.

[6] The eighth and ninth assignments complain of the portion of the charge of the court instructing the jury that if they found plaintiff was prevented by the alleged negligence of the defendant from being with her husband during the time between the hour he would have reached Houston, if plaintiff's call had been promptly transmitted, and the hour at which she reached him on the next morning, they should allow plaintiff such damages as would reasonably compensate for the mental anguish suffered by her by reason of her being unable to be with her husband during said time.

The proposition submitted under these assignments is: "The mental anguish suffered by the plaintiff, because she was deprived of being with or having her husband with her during the early morning hours of August 26, 1908, is not such mental anguish as gives rise to a cause of action, and it was error in the court to so charge the jury as to authorize them to include such mental anguish as one of the elements for measuring the amount of plaintiff's damages."

The mental anguish for which damages are sought to be recovered in this case was not a mere prolongation of the anxiety existing in appellee's mind at the time she put in the call, for the negligent failure to relieve which appellant would not be liable under the rule announced in Rowell v. Tel. Co., 75 Tex. 26, 12 S. W. 534, and Tel. Co. v. Giffin, 93 Tex. 530, 56 S. W. 744, 77 Am. St. Rep. 896. The mental anguish for which plaintiff was allowed to recover damages by the charge of the court was that caused by being deprived of the privilege of being with

her husband during the night on which he was wounded. Appellant was fully informed of the purpose of the call, of the relation of the parties, and all of the attending circumstances, and knew that unless the call was transmitted with promptness appellee could not be with her husband until the next day, and could reasonably anticipate that any negligence on its part, which would delay appellee in accomplishing the purpose for which the call was made, would cause her to suffer mental anguish, distinct from the anxiety which she was then suffering by reason of her knowledge that her husband had been shot.

We think damages for such mental anguish so caused are recoverable. Stuart v. Tel. Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623; Tel. Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Tel. Co. v. Richardson, 79 Tex. 649, 15 S. W. 689.

This disposes of all the questions presented by appellant's brief. The judgment of the court below should be affirmed, and it is so ordered.

Affirmed.